1    JAMES C. POTEPAN [SBN 107370]
     jpotepan@rmkb.com
2    THOMAS M. O'LEARY [SBN 126146]
     to'leary@rmkb.com
3    MICHAEL S. KIM [SBN 227685]
     mkim@rmkb.com
4    ROPERS, MAJESKI, KOHN & BENTLEY
     515 S. Flower Street, Suite 1100
5    Los Angeles, California 90071
     Telephone:    (213) 312-2000
6    Facsimile:    (213) 312-2001

7    Attorneys for Counter-Defendants
     MULTIVEN, INC., PINGSTA, INC. and PETER
8    ALFRED-ADEKEYE

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12

13   MULTIVEN, INC.,                      CASE NO.  C 08-05391 JW-RS
     a Delaware corporation,
14                                        *Assigned to Honorable James Ware*
                     Plaintiff,
15                                        **COUNTER-DEFENDANTS'**
          v.                              **MEMORANDUM OF POINTS AND**
16                                        **AUTHORITIES IN SUPPORT OF MOTION**
     CISCO SYSTEMS, INC.,                 **TO DISMISS FOR LACK OF**
17   a California corporation,            **JURISDICTION AND/OR FAILURE TO**
                                          **STATE CLAIM UPON WHICH RELIEF**
18                   Defendant.           **MAY BE GRANTED; ALTERNATIVELY,**
                                          **FOR A MORE DEFINITE STATEMENT**
19
                                          **Fed. R. Civ. P. 12(b)(1), (b)(6);**
20   CISCO SYSTEMS, INC.,                 **Fed. R. Civ. P. 12(e)**
     a California corporation,
21
                     Counterclaimant,     Date:      November 23, 2009
22                                        Time:      9:00 a.m.
          v.                              Crtrm:     8 – Honorable James Ware
23
     MULTIVEN, INC. a Delaware
24   corporation; PINGSTA, INC.,
     a Delaware corporation; and
25   PETER ALFRED ADEKEYE,
     an individual,
26
                     Counter-Defendants.
27

28   RC1/5376203.1/CS7

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION AND/OR FAILURE TO STATE CLAIM UPON WHICH RELIEF MAY BE GRANTED; ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.  INTRODUCTION & STATEMENT OF ISSUES

3          This is an antitrust case.  Yet through its Amended Counterclaims (the "Counterclaims"),

4   Counterclaimant Cisco Systems, Inc. ("Cisco") has decided to expand it into one of "conversion,"

5   "copyright infringement" and "false advertisement," among other theories.  There is absolutely no

6   merit to these Counterclaims and what is more, they have been improperly and unclearly pled,

7   hence this Motion to Dismiss and Request for More Definite Statement.

8          First, Cisco contends that Counter-Defendants Multiven, Inc. ("Multiven"), Pingsta, Inc.

9   ("Pingsta") and Peter Alfred-Adekeye ("Adekeye") (collectively, "Defendants") have infringed

10  Cisco's allegedly copyrighted "software."  Interestingly, Cisco generally contends that it "owns

11  valid registered copyrights in its software," yet there is no allegation of any copyright registration

12  numbers in the Counterclaims and no registration certificates have been attached.  By failing to

13  do so, Cisco has not satisfied a jurisdictional element of its copyright claims, that the allegedly

14  copyrighted software has been registered.  In addition, Cisco has alleged nothing but conclusory

15  allegations without any substantive or specific facts to support its copyright infringement theory.

16  Conclusory generalizations and mere restating of copyright infringement elements cannot form a

17  basis for Cisco's claims for copyright infringement.  In sum, this Court and the parties should not

18  be wasting valuable resources on claims over which this Court has no jurisdiction, especially

19  when such claims have no factual support.

20         Second, Cisco contends that Defendants converted certain "software."  There is, however,

21  no factual allegation that Cisco has ever been deprived of its software, only that Defendants

22  allegedly "copied" or "downloaded" it from Cisco's website.  Regardless of the truth or falsity of

23  such an accusation, one thing is clear: under California law, mere copying or downloading cannot

24  constitute conversion.  Cisco has not shown and cannot show that Defendants have ever

25  substantially interfered with Cisco's right to possession of the software in question.  Therefore,

26  Cisco has failed to state a claim and cannot obtain relief for conversion.

27         Third, Cisco contends that Multiven engaged in False Advertising.  The alleged basis for

28  this counterclaim, however, is only that Multiven has exaggerated the number of "on-site support

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    field engineers" it has and the number and quality of its clientele.  While Cisco contends this is

2    false advertising, in fact, it is nothing more than "puffery," entirely permissible under the Lanham

3    Act.  No current or prospective client would reasonably rely upon mere puffery to make its

4    purchasing decisions, especially in this case, where the highly technical nature of the market

5    requires sophistication far beyond reliance on website advertising alone.

6           For these reasons and pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6),

7    Defendants request an Order dismissing Counterclaims numbers two (Conversion), four

8    (Copyright Infringement - Reproduction), five (Copyright Infringement – Distribution) and six

9    (False Advertising).  In the alternative, Defendants request a more definite statement pursuant to

10   Federal Rule of Civil Procedure 12(e) for the same Counterclaims.

11   **II.      FACTUAL & PROCEDURAL BACKGROUND**

12          Multiven filed its Complaint ("Complaint") on December 1, 2008 against Cisco for

13   violations of the Sherman Act, intentional interference with prospective business advantage and

14   unfair competition.  Cisco is the "world leader" in the development, production and sale of

15   Internet Protocol based networking technologies.  Indeed, Cisco's market share in this particular

16   industry is estimated to exceed 70%.

17          The Complaint pertains mostly to the maintenance services aspect of Cisco's business,

18   which is predicated on the illegal bundling of software updates/bug fixes for the software used to

19   run Cisco equipment to the purchase of Cisco's maintenance service contracts.  With respect to

20   that servicing business, Cisco is even more dominant, achieving a market share greater than 90%.

21   Compared to Cisco, Multiven is a small company founded by Adekeye to provide service and

22   maintenance support for router and networking systems, including those placed in the market by

23   Cisco.  As stated in the Complaint, the barriers erected by Cisco to Multiven's entry (and any

24   competitor's entry for that matter) into the relevant service and maintenance market are immense.

25          Thus, the backbone of this case is formed by Multiven's antitrust claims, not by Cisco's

26   meritless Counterclaims.  Despite this reality, Cisco filed its Counterclaims on May 18, 2009 in

27   an effort to harass, intimidate and discredit Defendants.  It thereafter filed the Amended

28   Counterclaims on June 25, 2009.

- 2 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    Cisco's allegations against Defendants are exceedingly conclusory, vague and factually

2 deficient.  For example, it contends that Defendants "accessed areas of Cisco's website" and

3 "illegally downloaded Cisco's copyrighted operating system software for use in its business and,

4 on information and belief, for redistribution to others."  See Counterclaims, ¶¶ 1, 21-25, 55, 64.

5 Despite having months to investigate the matter, Cisco provides no dates, no witnesses, no

6 specification as to what "software" was allegedly downloaded.  Tellingly, the only support Cisco

7 has for its "distribution" and "reproduction" theories is broad generalizations based "on

8 information and belief."

9    Regarding Conversion, despite claiming that Defendants "took" Cisco's software, there

10 are no dates, no description of the alleged website, and no description of what exactly was

11 "taken," other than "software."  This alleged "taking" is apparently the sole basis upon which

12 Cisco bases its Conversion counterclaim.  See Counterclaims, ¶ 44.  There is no allegation in the

13 Counterclaims that any acts by Defendants somehow erased, corrupted or sabotaged Cisco's

14 computers or website.  The only allegation is that they "accessed" and "downloaded" the software

15 and thereafter reproduced and distributed said software, again "on information and belief."

16    With respect to the Copyright Infringement Counterclaims, Cisco only provides the

17 conclusory allegation that it owns "valid registered copyrights in its software."  See

18 Counterclaims, ¶ 55.  It never provides the registration numbers nor does it attach any registration

19 certificates to the Counterclaims.  Cisco also does not identify any of the "software" it contends

20 has been infringed, whether by title, owner, or otherwise.  Considering that in 2008, Cisco

21 invested $5.2 billion in research and development alone (Counterclaims, ¶ 16), it is conceivable

22 that Cisco owns a large variety of copyrighted software.  The Counterclaims, however, deal only

23 with that specific software that Cisco contends was accessed and downloaded by Defendants on

24 some unspecified date.

25    Lastly, Cisco contends that Multiven engaged in False Advertising.  There are only two

26 factual allegations in support of this counterclaim.  First, Cisco contends that "Multiven claims to

27 have customers that include network service providers and Fortune 500 enterprises"  See

28 Counterclaims, ¶ 26.  Cisco's only comment, which does not even directly address the alleged

1    misrepresentation or its falsity, is that "Multiven has had only a handful of customers." See id.

2    Cisco's second allegation is that "Multiven's website stated that it has "15,000 on-site support

3    field engineers in 130 countries." See Counterclaims ¶ 27. Again, Cisco's comment is only the

4    unsubstantiated allegation that Multiven does not have 15,000 engineers. See Counterclaims ¶

5    27.

6    **III.    LEGAL STANDARD ON FRCP 12(B)(1) AND 12(B)(6) MOTIONS**

7        Defendants are permitted to bring a Motion to Dismiss for Lack of Subject Matter

8    Jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1).   Cisco claims that

9    this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 101, et seq. in part

10   because its claims arise under the Copyright Act. See Counterclaims, p. 20:5-6. Therefore, Cisco

11   bears the burden of establishing subject matter jurisdiction. See Kokkoken v. Guardian Life Ins.

12   Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Stock West Inc. v.

13   Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

14   Defendants seek to dismiss Counterclaims four and five pursuant to FRCP 12(b)(1).

15       Defendants may also move to dismiss for failure to state a claim upon which relief can be

16   granted pursuant to FRCP 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to

17   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds'

18   of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

19   recitation of the elements of a cause of action will not do." See Bell Atlantic Corp. v. Twombly,

20   550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). The

21   Court may be required to accept all allegations of fact in the complaint as true and construe them

22   in the light most favorable to the plaintiff. See Warren v. Fox Family Worldwide, Inc., 328 F.3d

23   1136, 1139 (9th Cir. 2003) (citation omitted). However, the Court is "not required to accept as

24   true conclusory allegations which are contradicted by documents referred to in the complaint"

25   [citation omitted], and further, the Court does not "necessarily assume the truth of legal

26   conclusions merely because they are cast in the form of factual allegations [citation omitted]."

27   See id. Defendants seek to dismiss Counterclaims two, four, five and six pursuant to FRCP

28   12(b)(6).

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**IV.    THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER CISCO'S COPYRIGHT INFRINGEMENT CLAIMS.**

"[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  See 17 U.S.C. § 411(a); see also Kodadek v. MTV Networks, 152 F.3d 1209, 1211 (9th Cir. 1998) (copyright registration is a prerequisite to a suit based upon a copyright); S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1085 (9th Cir. 1989); Giddings v. Vision House Prod., 584 F. Supp. 2d 1222, 1226 (D. Ariz. 2008).  Such registration is a *jurisdictional* prerequisite to a suit for infringement.  See Perfect 10, Inc. v. Amazon.com, Inc., 487 F.3d 701, 710, fn. 1 (9th Cir. 2007);  Jefferson Airplane v. Berkeley Sys., 886 F. Supp. 713, 715 (N.D. Cal. 1994) (citing Hung Tang v. Ho Yong Hwang, 799 F. Supp. 499, 503 (E.D. Pa. 1992)).  See also Muchnick v. Thomson Corp. (In re Literary Works in Elec. Database, 509 F.3d 116, 125 (2nd Cir. 2007) cert. granted  Reed Elsevier, Inc. v. Muchnick, 129 S. Ct. 1523; 173 L. Ed. 2d 655 (March 2, 2009).

In this case, Cisco has failed to allege any copyright registration numbers and has not attached to the Counterclaims any documentation indicating valid registration of the alleged copyrights.  It only alleges that it "owns valid registered copyrights in its software."  See Counterclaims, ¶ 55.  This is exactly the type of conclusory allegation prohibited under Twombly (supra), which is unfair and prejudicial to Defendants.  If, in fact, Cisco has registered its copyrights, then it is inexplicable why Cisco has not alleged the registration numbers of the copyrights that it claims have been infringed.  By failing to do so, Cisco has not met its burden of proving subject matter jurisdiction.  See Just Water Heaters Inc. v. Affordable Water Heaters, Inc., 2006 U.S. Dist. LEXIS 9006 (N.D. Cal. 2006) ("the Court finds that it lacks jurisdiction over Plaintiffs' claim for copyright infringement... Plaintiffs have not pled that they possess a certificate of registration"); see also Starr v. Daimler Chrysler Corporation, 2006 U.S. Dist. LEXIS 49371 *5, 2006 WL 2175394 *2 (S.D. Miss. 2006) (civil action was dismissed because "plaintiff does not even allege that she has either filed a copyright application for her model or received a copyright registration for it"); Hung Tang v. Ho Yong Hwang, 799 F.Supp. 499, 503 (E.D. Pa. 1992) ("the registration or the application for copyright registration together with the

1   requisite copies and payment of the filing fee is a jurisdictional prerequisite to a suit for

2   infringement"). <u>Compare</u> <u>Safeair, Inc. v. AirTran Airways, Inc.</u>, 2009 U.S. Dist. LEXIS

3   23773 *6-7 (W.D. WA, March 25, 2009) (copyright claim survived FRCP 12(b)(1) motion

4   because the plaintiff attached copies of the certificates of registration regarding the protected

5   material and copies of the defendants' infringing material).

6       Cisco contends it has "registered" copyrights.  At the very least, it should be required to

7   attach the certificates of registration or identify the registration numbers for the copyrighted

8   works in question.  If not, Cisco's copyright infringement counterclaims should be dismissed for

9   failure to carry the burden of proving federal jurisdiction pursuant to 17 U.S.C. § 411(a) and

10  FRCP 12(b)(1).

11  **V.    BECAUSE CISCO FAILED TO ALLEGE SPECIFIC FACTS IN SUPPORT OF
           ITS COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT, THIS COURT**

12  **      SHOULD DISMISS THEM PURSUANT TO FRCP 12(B)(6).**

13      Cisco's failure to plead copyright infringement with specificity deprives Defendants of

14  fair notice of the claims asserted and substantially hinders their ability to prepare a defense.  In

15  such a case, dismissal is proper because the "complaint lacks a cognizable legal theory or

16  sufficient facts to support a cognizable legal theory."  <u>See</u> <u>Mendiondo v. Centinela Hosp. Medical</u>

17  <u>Center</u>, 521 F.3d 1097, 1104 (9th Cir. 2008).  In order to prevail on its copyright claims, Cisco

18  must prove "ownership of a valid copyright," and "copying of constituent elements of the work

19  that are original."  <u>See</u> <u>Feist Publications, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361, 111 S.

20  Ct. 1282, 113 L. Ed. 2d 358 (1991); <u>see also</u> <u>Three Boys Music Corp. v. Bolton</u>, 212 F.3d 477,

21  481 (9th Cir. 2000).

22      In this case, Cisco has failed to adequately allege (1) which specific works are the subject

23  of its claims, (2) whether it owns those specific works, (3) whether those specific works have

24  been registered, (4) if registered, the registration numbers; and (5) by what acts and during what

25  time Defendants infringed the alleged copyright(s).  In a broad-brush fashion, Cisco merely

26  contends that it owns registered copyrights in certain unspecified software, that Defendants

27  accessed and downloaded it, and "***upon information and belief***," reproduced and distributed it.

28  <u>See</u> Counterclaims, ¶¶ 22-25.

- 6 -

Ropers Ma jeski Kohn & Bentley
A Professional Corporation
Los Angeles

In short, Cisco's vindictive and diversionary copyright infringement claims are a waste of this Court's valuable time and resources. As stated by the Supreme Court in <u>Twombley</u> (supra), "'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Cisco asserts conclusory allegations having no factual basis with the sole intention of punishing Defendants for bringing the antitrust Complaint. This Court should not permit Cisco to bring such serious and damaging Counterclaims, without at least some semblance of legitimacy. By failing to provide a minimum amount of factual information to support its copyright infringement counterclaims, this Court is justified in dismissing them pursuant to FRCP 12(b)(6).

The weight of authority supports granting Defendants' motion in this case. <u>See</u> <u>Cutler v. Enzymes, Inc.</u>, 2009 U.S. Dist. LEXIS 17942 *7-9, 2009 WL 482291 (N.D. Cal. Feb. 25, 2009) (granting motion to dismiss where complaint did not allege what acts during what period of time constituted infringement); <u>New Name, Inc. v. Walt Disney Co.</u>, 2007 U.S. Dist. LEXIS 97855 *7-10, 2007 WL 5061697 (C.D. Cal. Dec. 3, 2007) (granting motion to dismiss where allegations were speculative and a "formulaic recitation of the elements" of infringement was insufficient); <u>Interscope Records v. Rodriguez</u>, 2007 U.S. Dist. LEXIS 60903 *3-4, 2007 WL 2408484, at *1 (S.D. Cal. Aug. 17, 2007) (court denied plaintiffs' motion for default judgment finding because "other than the bare conclusory statement that on 'information and belief' Defendant has downloaded, distributed and/or made available for distribution to the public copyrighted works, Plaintiffs have presented no facts that would indicate that this allegation is anything more than speculation"). <u>Compare</u> <u>Basevi, Inc. v. Acorn Co.</u>, 2009 U.S. Dist. LEXIS 27981, *11-12 (C.D. Cal. March 19, 2009) (motion to dismiss denied when Plaintiff specifically identified the copyrighted artworks; attached exhibits showing the copyright registration numbers of the works and noting that the restored copyrights were granted under the URAA; alleged that Defendant has sold prayer cards with the copyrighted artwork; and, attached images of five of the allegedly infringing cards); <u>Atlantic Recording Corporation v. Serrano</u>, 2007 U.S. Dist. LEXIS 95203 *7-8, 2007 WL 4612921 (S.D Cal. 2007) (denying motion to dismiss where plaintiff attached exhibits

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    to complaint specifically alleging ownership of or exclusive rights to partial list of allegedly

2    infringed copyrighted recordings, and alleged time and place of infringement).

3    **VI.    CISCO HAS FAILED TO STATE A CLAIM FOR CONVERSION BECAUSE
         COPYING AND/OR DOWNLOADING CANNOT CONSTITUTE SUBSTANTIAL
4        INTERFERENCE WITH CISCO'S RIGHT OF POSSESSION.**

5            Conversion is the wrongful dominion over the personal property of another.  In an action

6    for conversion, the plaintiff need show only that he was entitled to possession at the time of the

7    taking.  The fact that plaintiff later regained the property may not preclude suing for damages for

8    conversion.  See Enterprise Leasing Corp. v. Shugart Corp., 231 Cal.App.3d 737, 748 (1991).

9    But an action for conversion will lie only if defendant's conduct amounts to a *substantial*

10   *interference* with plaintiff's possession of his or her rights thereto.  See Jordan v. Talbot, 55 Cal.

11   2d 597, 610 (1961).

12           "The receipt of copies of documents, rather than the documents themselves, should not

13   ordinarily give rise to a claim for conversion."  See FMC Corp. v. Capital Cities/ABC Inc., 915

14   F.2d 300, 303-304 (7th Cir. Ill. 1990) (applying California law on Conversion claim and citing

15   Harper & Row Publishers, Inc. v. Nation Enters., 723 F.2d 195, 201 (2d Cir. 1983)).  The reason

16   for this rule is that the possession of copies of documents -- as opposed to the documents

17   themselves -- does not amount to an interference with the owner's property sufficient to constitute

18   conversion.  See FMC Corp. (supra), 915 F.2d at 303.  In cases where the alleged converter has

19   only a copy of the owner's property and the owner still possesses the property itself, the owner is

20   in no way being deprived of the use of his property.  See id. at 304.

21           As stated above, Cisco only alleges that the Defendants wrongfully "took" Cisco's

22   software by virtue of the using a Cisco employee's profile and password to "download" or "copy"

23   updates or other information.  Nowhere in the Counterclaims does Cisco allege that Defendants

24   deleted, moved, or somehow mishandled the allegedly proprietary information.  At no time does

25   Cisco ever contend that it somehow lost access or lost possession to any information allegedly

26   downloaded or copied by Defendants.  At most, Cisco is only alleging that Defendants viewed

27   certain information and copied it.  Such allegations are legally insufficient to constitute a claim

28   for conversion.

                                                    - 8 -

1

**VII.   CISCO HAS FAILED TO STATE A CLAIM FOR FALSE ADVERTISING
BECAUSE THE ALLEGED "MISREPRESENTATIONS" ARE MERE PUFFERY.**

2

3          Under the Lanham Act, a "prima facie case [for False Advertisement] requires a showing

4    that (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the

5    statement was made in commercial advertisement or promotion; (3) the statement actually

6    deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is

7    material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the

8    plaintiff has been or is likely to be injured as a result of the false statement, either by direct

9    diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the

10   plaintiff's product."  See Newcal Indus. v. Ikon Office Solution, 513 F.3d 1038, 1052 (9th Cir.

11   2008) (citing Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829 (9th Cir. 2000)).

12         Here, Cisco alleges two instances of "misrepresentation" to support its counterclaim for

13   False Advertising.  First, Cisco contends that "Multiven claims to have customers that include

14   network service providers and Fortune 500 enterprises"  See Counterclaims, ¶ 26.  Cisco's only

15   comment, which does not even directly address the supposed misrepresentation, is that "Multiven

16   has had only a handful of customers."  See id.  Cisco's second allegation is that "Multiven's

17   website stated that it has "15,000 on-site support field engineers in 130 countries."  See

18   Counterclaims ¶ 27.  Again, Cisco's comment is only the unsubstantiated allegation that Multiven

19   does not have 15,000 engineers.  See id.

20         Whether an alleged misrepresentation was a statement of fact or mere "puffery" is a legal

21   question that may be resolved on a Motion to Dismiss pursuant to FRCP 12(b)(6).  See Newcal

22   Industries, Inc. (supra), 513 F.3d at 1053.  "Puffery," defined as "exaggerated advertising,

23   blustering, and boasting upon which no reasonable buyer would rely," is not actionable under

24   false advertising law.  See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir.

25   1997); Cook Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc., 911 F.2d 242,

26   246 (9th Cir. 1990). "A statement is considered puffery if the claim is extremely unlikely to

27   induce consumer reliance."  See Newcal Industries, Inc. (supra), 513 F.3d at 1053.  Courts have

28   noted that puffery and statements of fact are mutually exclusive: statements that make specific,

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RC1/5376203.1/CS7

- 9 -

1    measurable claims are ones of fact, those that do not are puffery.  See American Italian Pasta Co.

2    v. New World Pasta Co., 371 F.3d 387, 391 (8th Cir. 2004).  The "common theme" that runs

3    through cases considering puffery is that "consumer reliance will be induced by specific rather

4    than general assertions."  See Cook, Perkiss & Liehe, 911 F.2d at 246.

5            This case involves highly sophisticated entities in the business of servicing and or selling

6    advanced computer/networking technology.  Statements that Multiven has customers including

7    network service providers and Fortune 500 enterprises or regarding the number of Multiven's on-

8    site engineers simply do not contain the kind of "detailed or specific factual assertions" necessary

9    to constitute an actionable statement.  See Cook, Perkiss & Liehe, 911 F.2d at 246.  Indeed, they

10   are precisely the sort of generalized claims of product superiority "upon which no reasonable

11   buyer would rely."  See Southland Sod Farms, 108 F.3d at 1145.  The reason no reasonable buyer

12   would rely on them is that they are vague and generalized statements—a quality they possessed

13   equally before and after any business conducted by Multiven.   Regardless, a client in the market

14   for the type of technical services provided by companies such as Multiven and/or Cisco would not

15   base its purchasing decision on such advertisement representations.  Indeed, the crux of the

16   Complaint in this case is that Cisco illegally influences the market through its anti-competitive

17   practices.  Accordingly, because the alleged "misrepresentations" were at all times non-actionable

18   puffery, Cisco has failed to assert a Lanham Act False Advertising claim upon which relief can be

19   granted.

20   **VIII.   THIS COURT SHOULD ORDER CISCO TO PROVIDE A MORE DEFINITE
            STATEMENT OF ITS COPYRIGHT INFRINGEMENT CLAIMS.**

21

22           FRCP 12(e) allows Defendants to "move for a more definite statement of a pleading to

23   which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

24   reasonably prepare a response."  "[T]he proper test in evaluating a motion under Rule 12(e) is

25   whether the complaint provides the defendant with a sufficient basis to frame his responsive

26   pleadings."See Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D.

27   Cal. 1988).  A Rule 12(e) motion may be granted, however, "where the complaint is so general

28   that ambiguity arises in determining the nature of the claim or the parties against whom it is being

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   made."  See Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

2          In this case, Cisco contends that Defendants infringed its "registered" copyright(s) by

3   copying and/or downloading "software."  However, Cisco fails to allege any registration numbers

4   and does not attach any registration certificates to the Counterclaims.  Defendants have no way of

5   knowing which copyrights or what software Cisco is claiming that Defendants have infringed.  In

6   addition, Cisco has alleged the copyright infringement copyright claims against all three

7   Defendants, including Pingsta, Inc.  Thus, not only has Cisco failed to provide notice as to what

8   has been infringed, Cisco has further failed to provide notice as to which of the Defendants have

9   infringed which copyright(s).

10         By way of FRCP 12(e), Defendants seek to compel Cisco to provide the registration

11  numbers of the copyright(s) it contends was infringed by Defendants and the minimum level of

12  factual allegations required to support Cisco's copyright infringement Counterclaims.  See

13  Marvullo v. Gruner & Jahr, 105 F. Supp. 2d 225, 228-232 (S.D.N.Y. 2000) (rejecting as

14  insufficient a claim asserting defendants "contributorily infringed said copyright by alternatively

15  acquiring, publishing, using and placing upon the general market . . . a photographic image which

16  was copied largely from plaintiff's copyrighted photographic image"); Lindsay v. The Wrecked

17  and Abandoned Vessel R.M.S. Titanic, 1999 U.S. Dist. LEXIS 15837, 1999 WL 816163, *3-4

18  (S.D.N.Y. Oct. 13, 1999) (dismissing as insufficient a claim alleging defendant "did knowingly

19  and willfully infringe . . . by purchasing copies of the Subject Work.").  Compare Fractional

20  Villas, Inc. v. Tahoe Clubhouse, 2009 U.S. Dist. LEXIS 4191 *6-7 (S.D. Cal., Jan. 22, 2009)

21  (denying FRCP 12(b) and (e) motion because "plaintiff alleges it is the owner of a valid

22  copyright, Registered Copyright No. TX-6-613-055"); Atlantic Recording Corp. v. Serrano, 2007

23  U.S. Dist. LEXIS 95203 *7-8 (S.D. Cal. 2007) ("Plaintiffs' Exhibit A specifically alleges the

24  ownership of or exclusive rights to 10 copyrighted recordings and lists the registration number for

25  each one").

26  / / /

27  / / /

28  RC1/5376203.1/CS7                              - 11 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    IX.    **CONCLUSION.**

2            For the reasons set forth more fully above, Defendants respectfully request this Court

3    grant their Motion pursuant to FRCP 12(b)(1) and (b)(6) and dismiss Plaintiffs' Counterclaims

4    Two, Four, Five and Six with prejudice.  In the alternative, Defendants request the Court order

5    Cisco to provide a more definite statement pursuant to FRCP 12(e) for Counterclaims Two, Four,

6    Five and Six.

7

8    DATED:  September 4, 2009                ROPERS, MAJESKI, KOHN & BENTLEY

9

10                                            By: /s/  Thomas M. O'Leary
                                                  JAMES C. POTEPAN
11                                                THOMAS M. O'LEARY
                                                  MICHAEL S. KIM
12                                                Attorneys for Counter-Defendants MULTIVEN,
                                                  INC., PINGSTA, INC. and PETER ALFRED-
13                                                ADEKEYE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document:

**COUNTER-DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION AND/OR FAILURE TO STATE CLAIM UPON WHICH RELIEF MAY BE GRANTED; ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

was filed with the Court's ECF system, which, in turn, served a true and accurate copy on the

following listed counsel as follows:

**Notice has been electronically mailed to**:

☒   **Electronically Served through ECF:**

Austin Van Schwing          aschwing@gibsondunn.com

Donald Ross Pepperman       dpepperman@blecher.com

George Arnold Nicoud III    tnicoud@gibsondunn.com

Lindsey Elizabeth Blenkhorn lblenkorn@gibsondunn.com, bsperry@gibsondunn.com

Maxwell Michael Blecher      mblecher@blechercollins.com

Robert Elliott Cooper        rcooper@gibsondunn.com

☒   **Conventionally Served through U.S. Mail Delivery:**

James Robert Noblin, Esq.
Blecher & Collins, P.C.
515 South Figueroa Street, Suite 1750
Los Angeles, California 90017-3334

DATED:  September 4, 2009

                                    /s/ Thomas M. O'Leary
                                    JAMES C. POTEPAN
                                    THOMAS M. O'LEARY
                                    MICHAEL S. KIM
                                    ROPERS, MAJESKI, KOHN & BENTLEY
                                    515 South Flower Street, Suite 1100
                                    Los Angeles, California 90071
                                    Telephone:    (213) 312-2000
                                    Facsimile:    (213) 312-2001

RC1/5376203.1/CS7

- 13 -