GIBSON, DUNN & CRUTCHER LLP
Robert E. Cooper, SBN 35888
*rcooper@gibsondunn.com*
333 S. Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

George A. Nicoud III, SBN 106111
*tnicoud@gibsondunn.com*
Austin V. Schwing, SBN 211696
*aschwing@gibsondunn.com*
Lindsey E. Blenkhorn, SBN 227484
*lblenkhorn@gibsondunn.com*
555 Mission Street, Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*E-Filed 10/15/09*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>CISCO SYSTEMS, INC., a California corporation,<br><br>          Defendant. | CASE NO. C 08-05391 JW-RS<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PROCEDURES FOR EXPERT WITNESS DISCOVERY**<br><br>United States Magistrate Judge:<br>The Hon. Richard Seeborg |
| CISCO SYSTEMS, INC., a California corporation,<br><br>          Counterclaimant,<br><br>     v.<br><br>MULTIVEN, INC., a Delaware corporation; PINGSTA, INC., a Delaware corporation; and PETER ALFRED-ADEKEYE, an individual,<br><br>          Counterdefendants. | |

The parties hereby stipulate and agree upon the following discovery procedures in connection with expert witnesses in the above-referenced action (hereinafter "Litigation").

1. With respect to witnesses whom any party to this Litigation expects to call as an expert witness at trial ("testifying expert") the parties shall provide expert reports as defined in Federal Rule of Civil Procedure 26(a)(2) at such times as specified by, as applicable, the Federal Rules of Civil Procedure or a Scheduling or Case Management Order in this Action. Contemporaneously with the provision of any such expert report, the party sponsoring such expert shall identify any documents, data, and information relied upon by the expert in forming his or her opinions. If the documents were produced in the Litigation, Bates numbers shall be provided in addition to a description of the documents. If the documents were not produced in the Litigation, copies of the documents shall be produced at the time the reports are exchanged.

2. To the extent that any testifying expert relies on, or the expert report includes or is based on, exhibits, information or data processed or modeled by computer at the direction of a testifying expert, machine readable copies of those exhibits, information and data (including all input and output files) along with the appropriate computer programs, instructions, and field descriptions shall be produced with the expert's report. All electronic data and data compilation shall be produced in the same form or format in which it was used for the expert's calculations, in working order with all links to other spreadsheets and/or underlying data. No party need produce computer software programs that are reasonably and readily commercially available (*e.g.,* Microsoft Word and Microsoft Excel).

3. The expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 702, 703, and 705.

4. Notwithstanding the parties' discovery obligations with respect to experts, the following information and materials from testifying experts need not be produced by any party and are not discoverable:

(a) Any draft reports, draft studies, draft affidavits, or draft work papers; preliminary or intermediate calculations, computations, or data; or other preliminary, intermediate or draft materials prepared by, for or at the direction of a testifying expert witness;

(b) Any written communication between counsel (or at counsel's direction) and the expert (and staff and assistants), except communications that identify or contain facts, data or assumptions that the expert relied upon in forming his or her opinions.

(c) Any notes or writings taken or prepared by or for a testifying expert witness in connection with this matter including, but not limited to correspondence or memos to or from, and notes of conversations with, the expert's assistants and/or clerical or support staff, other expert witnesses, non-testifying expert consultants, or attorneys for the party offering the testimony of such expert witness, unless the notes or other writings are relied upon by the expert in forming his or her opinions.

5. Notwithstanding paragraph 4 above, the parties shall disclose for each testifying expert the billing rate and total hours worked on this Litigation as of the time of deposition and trial.

6. Any fees charged by experts for time spent at depositions shall be paid by the party that requested the deposition.

7. The parties shall produce any engagement agreements with any testifying experts, to the extent such agreements exist, at the time the reports are exchanged.

IT IS SO AGREED.

DATED:  October 14, 2009

GIBSON, DUNN & CRUTCHER LLP
Robert E. Cooper
George A. Nicoud III
Austin V. Schwing
Lindsey E. Blenkhorn

By:      /s/ George A. Nicoud III
                George A. Nicoud III

Attorneys for Defendant
CISCO SYSTEMS, INC.

1  DATED:  October 14, 2009

BLECHER & COLLINS, P.C.
Maxwell M. Blecher
Donald R. Pepperman
James Robert Noblin

By:    /s/ Donald R. Pepperman
            Donald R. Pepperman

Attorneys for Plaintiff
MULTIVEN, INC.

DATED:  October 14, 2009

ROPERS MAJESKI KOHN & BENTLEY
James C. Potepan
Thomas M. O'Leary
Brian C. Vanderhoof

By:    /s/ Thomas M. O'Leary
            Thomas M. O'Leary

Attorneys for Counterdefendants
MULTIVEN, INC., PINGSTA, and PETER ALFRED-ADEKEYE

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: 10/15/09

Richard Seeborg
United States Magistrate Judge

100661912_1.DOC

---

4

STIPULATION AND [PROPOSED] ORDER REGARDING PROCEDURES FOR EXPERT WITNESS DISCOVERY; CASE NO. C 08-05391 JW-RS