*E-Filed 12/1/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., | No. C 08-05391 JW (RS) |
| Plaintiff, | **ORDER RE *EX PARTE*** |
| v. | **APPLICATION FOR TEMPORARY** |
| | **RESTRAINING ORDER** |
| CISCO SYSTEMS, INC., | |
| Defendant. | |

Pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 65-1, the Court has received and reviewed the *ex parte* motion of defendant Cisco Systems, Inc. seeking a temporary restraining order to preserve evidence and to permit imaging of computer equipment and photocopying of documents. The Court finds the matter suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1(b).

The evidentiary showing made by Cisco does not warrant the relief it seeks. Much of Cisco's evidence is directed at attempting to establish unauthorized access and use of its own systems and information. While such conduct, if proven, may give rise to liability on the merits of Cisco's counterclaims, and would tend to show a willingness on the part of counter-defendants to

1

ORDER

disregard legal obligations, it does not constitute destruction of evidence nor does it directly support an inference that evidence destruction has occurred or is likely to occur.[1]

Cisco's only evidence of destruction of evidence comes from James D. Light, who declares that he was instructed to, and did, destroy electronic and written documents he had pertaining to cross-defendants upon the termination of his employment.  The written instructions given to Light however, directed him to "*return* . . . all online and offline data in your possession" and to "confirm in writing afterward that you 'have destroyed all *residual* online and offline . . . data in your possession." (Emphases added.)  Those instructions appear to have appropriately contemplated that Light would return all or virtually all data in his possession, including any data uniquely in his possession, and only destroy "residual" data, such as copies that might otherwise exist on his computers or in his files even after he returned other copies of the same material.  While Light's declaration implies that he possibly may have destroyed materials without first returning other copies of the same materials, there is nothing to suggest counter-defendants intended for him to do so, or that such an event is likely to recur.[2]

Light further declares that based on his "experience" with counter-defendants, he "believe[s]" they would "destroy, hide, or conceal" evidence if they learned it was soon to be collected.  The specific examples Light provides of what he believes were improper, unethical, or even illegal business practices, however, did not involve evidence spoliation.  His speculative opinion that evidence will be destroyed or concealed does not support the wholesale computer imaging and document photocopying Cisco proposes to undertake, particularly without giving cross-defendants notice or the opportunity to be heard.

---

[1] Cisco may have submitted such evidence at least in part to support its argument that it is likely to prevail on the merits of its counterclaims.  Although "likelihood of success on the merits" is part of the showing ordinarily required for a temporary restraining order, here the ultimate merits of Cisco's claims in the litigation are not implicated.  Cisco's right to have evidence preserved is collateral to, and not dependent on, its ability to prevail on the merits. In this particular context, Cisco must show a likelihood of prevailing on its claims that there has been document destruction.

[2] Indeed, there is nothing to suggest the destruction of *any* material, "residual" or otherwise, outside the specific context of a departing employee.

2

1   That said, all parties are reminded that they have been, and continue to be, under an
2   "uncompromising duty to preserve" material evidence. *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d
3   1566, 1525 (Fed. Cir. 1996); see also *Kronish v. United States*, 150 F. 3d 112, 126-127 (2d Cir.
4   1998). The parties are hereby ordered to comply with that duty, and counsel is directed to ensure
5   that their clients are informed of this order and fully understand their legal obligations. In the event
6   any party requests a departing employee to destroy any copies of company data or documents in that
7   person's possession, the company should take appropriate steps to ensure that the employee first
8   returns to the company any material information uniquely in the employee's possession.
9   Cisco is hereby ordered to e-file all of the documents it submitted to the Court in connection
10  with this motion. In the event Cisco believes any portion of those documents should be filed under
11  seal, it shall comply with the provisions of Civil Local Rule 79-5.

14  IT IS SO ORDERED.
15  Dated: 12/01/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

3

**No. C 08-05391 JW (RS)**
ORDER