**\*\* E-filed March 24, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation,<br><br>        Plaintiff,<br>  v.<br><br>CISCO SYSTEMS, INC., a California corporation,<br><br>        Defendant.<br>_____<br><br>AND RELATED COUNTERCLAIMS<br>_____/ | No. C08-05391 JW (HRL)<br><br>**ORDER GRANTING IN PART COUNTERDEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENAS AND DEPOSITION NOTICES AND FOR PROTECTIVE ORDER**<br><br>**[Re: Docket No. 129]** |

       Plaintiff Multiven, Inc. ("Multiven"), a provider of service and maintenance support for router and networking systems, sued defendant Cisco Systems, Inc. ("Cisco"), a leading provider of Internet Protocol-based networking technologies, alleging violations of the Sherman Antitrust Act and related state claims. Cisco then countersued Multiven as well as Pingsta, Inc. ("Pingsta") and Peter Alfred-Adekeye, a former Cisco employee and current Chief Executive Officer of Multiven and Pingsta. Cisco's counterclaims allege copyright infringement, violation of the Computer Fraud and Abuse Act, false advertising in violation of the Lanham Act, and related state claims.

       Cisco noticed the depositions of counterdefendants (and Adekeye's wife, Deka Yussuf, who is also an officer of Multiven and Pingsta) to take place in San Francisco, California. Counterdefendants and Yussuf objected to the place of the depositions, and when they and Cisco

///

1  could not agree on a location, filed the instant motion. Cisco opposes the motion.[1] Pursuant to Civil
2  Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and
3  the March 30, 2010 hearing is vacated.

## DISCUSSION

In late January 2010, Cisco noticed the depositions of Adekeye, Yussuf, and the Federal Rules of Civil Procedure 30(b)(6) representatives and custodian of records for Multiven and Pingsta. Cisco set these depositions for mid-to-late March 2010 in San Francisco. Adekeye and Yussuf say that in addition to their individual depositions, they will be the 30(b)(6) representatives and custodians of records for both Multiven and Pingsta.

However, Adekeye and Yussuf also assert that they cannot enter the United States legally at this time to attend the depositions because they lack the appropriate visas. They currently reside in Switzerland, and according to their immigration attorney, they are awaiting a decision on their appeal of the U.S. government's revocation of their former work visas. Their attorney avers that if Adekeye and Yussuf try to enter the United States while their appeal is pending, they may be unable to return to the United States at a later date. (Nattiv Decl.)

Adekeye and Yussuf claim that they offered to appear for the depositions in a country where they may legally enter, such as Canada or a country in Europe where Cisco's counsel has an office. They say that they also offered to appear by video conference. Cisco responded that it would take the depositions in London, but only if counterdefendants advanced it $50,000 to cover the expense. (Mot. 1; 3–4.) This proposal did not tempt counterdefendants. Instead, they filed the instant motion seeking an order that the depositions occur either in Switzerland or in another country to which they can travel without visa concerns.

The bulk of the parties' motion papers concerns counterdefendants' request to take the depositions at issue in Switzerland. Nonetheless, following this court's interim order requesting supplemental briefing concerning the costs of holding the depositions in Canada as well as the international law issues of conducting depositions outside of the United States (Docket No. 147),

---

[1] Cisco also objects to Adekeye's declaration because his counsel failed to attest that they had obtained Adekeye's consent to file his declaration pursuant to this court's General Order 45. It further objects to the lack of support in counterdefendants' supplemental brief. For purposes of this motion, the court sustains Cisco's objections.

2

both parties now agree that Swiss law forbids these depositions from taking place in Switzerland absent prior authorization from the Swiss government. The parties also agree that Canada does not restrict the foreign depositions of willing witnesses, such as Adekeye and Yussuf in this case. (*See* Counterdefendants' Supp. Br. 1–3; Cisco's Supp. Br. 2–4.)

Under these circumstances, the court finds good cause to modify the place of taking the depositions. "A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). At the end of the day, Cisco wants testimony from Adekeye and Yussuf, and they are willing to provide it so long as they do not run afoul of U.S. immigration law. Prudence dictates that the court ensure that Cisco's end goal—obtaining their testimony—is met with the least burden to both sides. To that end, holding the depositions in Vancouver, Canada appears to be the best course of action taking into consideration cost, international law, and general practicality.

Cisco recognizes that conducting the depositions in Vancouver may be appropriate (*see* Cisco's Supp. Br. 2), but insists that counterdefendants should pay the difference between what the depositions would have cost in San Francisco and what they will cost in Vancouver. It claims that the difference is nearly $25,000—which includes the cost of flying two of its attorneys executive or first class to Vancouver, the cost of lodging them at the Four Seasons Hotel, and the differential in court reporter expenses. Cisco argues that this cost-shifting is appropriate because Multiven chose to file suit in California, and thus by extension, "its leaders" availed itself of this court's jurisdiction. (Opp'n 16.) Yet Pingsta, and Adekeye the individual, are only in this lawsuit pursuant to Cisco's counterclaims. The counterclaims are not alleged to be "compulsory." Accordingly, the court does not find that it is appropriate to shift Cisco's cost of conducting these depositions to the counterdefendants.

## CONCLUSION

Based on the foregoing, the court GRANTS IN PART counterdefendants' motion. The six depositions at issue shall take place in Vancouver, Canada within two months of this order on dates of Cisco's choosing following the parties' good-faith meet-and-confer efforts. If Adekeye and

///

Yussuf fail to appear in Vancouver as they have represented to this court that they are willing to do, then they will be subject to sanctions for failure to follow this court's orders.

**IT IS SO ORDERED.**

Dated: March 24, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C08-05391 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Brian Curtis Vanderhoof | bvanderhoof@ropers.com |
| Dan Keith Webb | dwebb@winston.com |
| Donald Ross Pepperman | dpepperman@blechercollins.com, ljaramillo@blechercollins.com |
| James C. Potepan | jpotepan@ropers.com, jcecchini@ropers.com, tpierson@ropers.com |
| Maxwell Michael Blecher | mblecher@blechercollins.com |
| Michael Sungwoo Kim | mkim@rmkb.com |
| Patrick Martin Ryan | pryan@winston.com, DocketSF@winston.com, mthomasian@winston.com, ndelich@winston.com, tmontague@winston.com |
| Thomas Michael O'Leary | to'leary@ropers.com, aarriola@roprs.com, cscranton@rmkb.com, kkakiuchi@ropers.com, mkim@rmkb.com, tpierson@rmkb.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**