\*\* E-filed March 24, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation, | No. C08-05391 JW (HRL) |
| Plaintiff, <br> v. | **ORDER DENYING CISCO'S MOTION FOR SANCTIONS** |
| CISCO SYSTEMS, INC., a California corporation, | [Re: Docket No. 137] |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

Plaintiff Multiven, Inc. ("Multiven"), a provider of service and maintenance support for router and networking systems, sued defendant Cisco Systems, Inc. ("Cisco"), a leading provider of Internet Protocol-based networking technologies, alleging violations of the Sherman Antitrust Act and related state claims. Cisco then countersued Multiven as well as Pingsta, Inc. ("Pingsta") and Peter Alfred-Adekeye, a former Cisco employee and current Chief Executive Officer of Multiven and Pingsta.[1] Cisco's counterclaims allege copyright infringement, violation of the Computer Fraud and Abuse Act, false advertising in violation of the Lanham Act, and related state claims.

Cisco now moves for sanctions against Multiven's counsel under 28 U.S.C. § 1927 and the court's inherent powers based on Multiven's motion to disqualify Cisco's counsel, Winston &

///

---

[1] In this motion, the court will refer to all three counterdefendants as "Multiven."

Strawn LLP. Multiven opposes the motion. Pursuant to Civil Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and the March 30, 2010 hearing is vacated.

## LEGAL STANDARD

A court has the discretion to award sanctions where an attorney "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The court also has the inherent power to award sanctions to vindicate judicial authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 49 (1991); *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730 (9th Cir. 1995). Yet sanctions under either theory require a finding of bad faith. *Chambers*, 501 U.S. at 45; *In re Keegan Mgmt Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Mere recklessness, in the absence of something more suggesting bad faith, will not justify sanctions. *In re Keegan*, 78 F.3d at 436; *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). Simply put, the bad-faith requirement is a high threshold. *Mendez v. County of San Bernadino*, 540 F.2d 1109, 1132 (9th Cir. 2008).

## DISCUSSION

On December 1, 2009, Cisco filed an ex parte motion seeking a temporary restraining order to preserve evidence in this case. (Docket No. 62.) Judge Seeborg denied Cisco's motion that same day, and ordered Cisco to file electronically the documents relating to the motion. (Docket No. 61.) Cisco did so on December 8. One of the documents Cisco used in support of its motion was a declaration of James Light, Multiven's former Vice President of Sales. (Docket No. 64.)

On January 21, 2010, Multiven moved to disqualify Cisco's counsel on grounds that it had improperly made ex parte contact with Light to obtain privileged information. (Docket No. 89.) On February 4, Cisco moved to transfer that motion to this court. (Docket No. 121.) Judge Ware granted Cisco's request on February 9 (Docket No. 127), and Multiven re-noticed the motion before this court on February 11 (Docket No. 130). This court then issued an order on an unrelated discovery motion concerning Light on February 16 (Docket No. 133); three days later, Cisco filed the instant motion for sanctions. On February 23, Multiven withdrew its motion to disqualify Cisco's counsel. (Docket No. 139.)

Cisco moves for sanctions against Multiven on grounds that Multiven's disqualification motion lacked both legal and evidentiary support. As a result, it asserts that Multiven's motion was

nothing more than an attempt to harass Cisco, delay the case, and needlessly multiply the proceedings. It argues that Multiven's counsel's decision to file the motion—and in particular, to re-notice it after Cisco says it told Multiven of what it saw as fatal weaknesses in the motion—was reckless conduct that amounted to bad faith.

Multiven counters that it did not bring or maintain its motion for any improper purpose. It says that after it learned of Light's contacts with Cisco's counsel following Cisco's unsuccessful motion for a temporary restraining order, it became concerned that Light had divulged privileged information about the instant litigation. It claims that documents Cisco's counsel sent to it in January confirmed its suspicions. It says that its motion was supported by evidence (for some of which it sought *in camera* review) and included a good-faith legal argument in support of its position. It asserts that it chose to withdraw the motion after later events, including an order from this court, caused its counsel to re-evaluate its position.

The court is unpersuaded that Multiven's counsel filed the motion in bad faith. It is possible that Multiven's arguments in support of its motion may not have convinced the court that disqualification was appropriate. Indeed, Cisco's instant motion for sanctions provides numerous arguments in opposition to Multiven's case for disqualification—arguments that very well may have carried the day had Multiven's motion been submitted to the court. Yet Cisco's arguments and the court's review of Multiven's motion do not support that the motion was so clearly deficient that Multiven's counsel's decision to file it was reckless and only meant to harass or delay.

The court is also unpersuaded that Multiven re-noticed the disqualification motion in bad faith. Cisco argues that Multiven's counsel should have withdrawn the motion after Cisco filed a second declaration from Light where he asserted that he had not disclosed privileged information.[2] Multiven asserts that its re-notice was not nefarious, but rather that it simply was following Judge Ware's referral order. Certainly, Cisco should have expected that Multiven would likely re-notice the motion on account of Cisco's request to move the motion to this court. It also is unsurprising that Multiven's counsel may have discounted Light's latest salvo in the dispute. Of course,

---

[2] Cisco filed Light's second declaration, without authorization, shortly after Judge Ware referred the disqualification motion to this court, and did so unconnected to any pleading or within the briefing schedule for the disqualification motion. (Docket No. 128.)

1  Multiven was under no legal obligation to change its motion before re-noticing it simply because
2  Cisco demanded it, and its failure to do so does not indicate bad-faith conduct.

3  Finally, Cisco has not convinced the court that Multiven's withdrawal of its disqualification
4  motion means that Multiven's counsel must have known that the motion lacked evidentiary and
5  legal support. Multiven's decision to withdraw the motion after its counsel re-evaluated its position
6  in light of later events—such as Light's second declaration, Cisco's Rule 11 threat, and Multiven's
7  counsel's view that this court would not be receptive to its motion—seems plausible under the
8  circumstances. The court does not find that Multiven's tactical decision to withdraw the motion at
9  that point suggests that its counsel acted in bad faith all along.

10  Basically, Cisco argues that Multiven's motion to disqualify Cisco's counsel was absolutely,
11  positively, specious—unsupportable on any basis—and that this court would surely have denied it.
12  Cisco presumes too much. This court never had to rule on the disqualification motion, since it was
13  withdrawn. Having never considered the motion, this court is not now prepared to say what it *would*
14  have done with it. What it can say now is that it is unpersuaded by Cisco's presumption.

## CONCLUSION

16  Courts have declined to find bad faith even in situations where the conduct at issue was
17  "totally frivolous," "outrageous," "inexcusable," and "appalling." *Mendez v. County of San*
18  *Bernadino*, 540 F.2d 1109, 1132 (9th Cir. 2008) (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*,
19  115 F.3d 644, 649 (9th Cir. 1997)). Although Cisco argues that Multiven's conduct has been all of
20  these things, under the circumstances presented in this case, the court finds that Multiven's pursuit
21  of its disqualification motion did not rise to the level of bad faith. Accordingly, Cisco's request for
22  sanctions is DENIED.

23  **IT IS SO ORDERED.**

24  Dated: March 24, 2010

25  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

4

**C08-05391 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Brian Curtis Vanderhoof | bvanderhoof@ropers.com |
| Dan Keith Webb | dwebb@winston.com |
| Donald Ross Pepperman | dpepperman@blechercollins.com, ljaramillo@blechercollins.com |
| James C. Potepan | jpotepan@ropers.com, jcecchini@ropers.com, tpierson@ropers.com |
| Maxwell Michael Blecher | mblecher@blechercollins.com |
| Michael Sungwoo Kim | mkim@rmkb.com |
| Patrick Martin Ryan | pryan@winston.com, DocketSF@winston.com, mthomasian@winston.com, ndelich@winston.com, tmontague@winston.com |
| Thomas Michael O'Leary | to'leary@ropers.com, aarriola@roprs.com, cscranton@rmkb.com, kkakiuchi@ropers.com, mkim@rmkb.com, tpierson@rmkb.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**