1  JAMES C. POTEPAN [SBN 107370]
   jpotepan@rmkb.com
2  THOMAS M. O'LEARY [SBN 126146]
   to'leary@rmkb.com
3  MICHAEL S. KIM [SBN 227685]
   mkim@rmkb.com
4  BRIAN C. VANDERHOOF [SBN 248511]
   bvanderhoof@rmkb.com
5  ROPERS, MAJESKI, KOHN & BENTLEY
   515 S. Flower Street, Suite 1100
6  Los Angeles, California 90071
   Telephone:     (213) 312-2000
7  Facsimile:     (213) 312-2001

8  Attorneys for Counterdefendants
   MULTIVEN, INC. and PETER ALFRED-ADEKEYE

9

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12                            **SAN JOSE DIVISION**

13

| | |
|---|---|
| 14  MULTIVEN, INC., a Delaware corporation, | **CASE NO.  C 08-05391 JW (HRL)** Assigned to Honorable James Ware |
| 15             Plaintiff, | |
| 16       v. | **COUNTER-DEFENDANT'S ADMINISTRATIVE MOTION TO (1) VACATE OR CONTINUE THE MAY 27, 2010 SUPPLEMENTAL BRIEFING ON THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT, (2) VACATE OR CONTINUE THE JUNE 7, 2010 FURTHER HEARING ON THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT, AND (3) ORDER STATUS CONFERENCE** |
| 17  CISCO SYSTEMS, INC., a California corporation, | |
| 18             Defendant. | |
| 21 | |
| 22  CISCO SYSTEMS, INC., a California corporation, et al. | **Current Hearing Date:** June 7, 2010 **Proposed Hearing Date:** TBD |
| 23             Counterclaimant, | |
| 24       v. | |
| 25  MULTIVEN, INC. a Delaware corporation; PINGSTA, INC., a Delaware corporation; and PETER ALFRED ADEKEYE, an individual, | |
| 28             Counter-Defendants | |

Pursuant to Northern District Local Rules 6-3 and 7-11, Counter-Defendants Multiven, Inc., Pingsta, Inc. and Peter Alfred-Adekeye (collectively "Multiven") hereby petition the Court for a Motion to Vacate or Continue the parties' May 27, 2010 deadline to file supplemental briefing on Multiven's Motion for Partial Summary Judgment [Dkt. 108] and Cisco Systems, Inc. and Cisco Technology, Inc. ("Cisco") Motion for Partial Summary Judgment [Dkt. 111] (hereinafter, the "Underlying Motions"), and to vacate or continue the June 7, 2010 further hearing on the Underlying Motions. Multiven further petitions the Court for an order setting a status conference on the issues raised herein. This Motion is made on the grounds that on May 20, 2010, Counter-Defendant Peter Alfred-Adekeye's ("Adekeye") was arrested by the Royal Canadian Mounted Police during his Court-ordered deposition, and is currently awaiting extradition to the United States to appear before the above-assigned United States Magistrate Judge for criminal charges arising out of the same underlying facts of this case.

## I. ISSUES TO BE DECIDED

The issues to be decided by the Court on this Administrative Motion are (1) whether good cause exists to continue or vacate the parties' May 27, 2010 supplemental briefing on the Underlying Motions; (2) whether good causes exists to continue or vacate the June 7, 2010 further hearing on the Underlying Motions; and (3) whether good cause exists to order a status conference so that the parties and the Court may address the issues raised herein.

## II. BACKGROUND FACTS

On April 13, 2010, the parties appeared in front of the Court for the scheduled hearing on the Underlying Motions. There, the Court found that Mr. Adekeye, as a party to the litigation, would present highly material testimony in conjunction with the Underlying Motions, and ordered that he be deposed. Though abroad, Mr. Adekeye agreed to make himself available for deposition in Vancouver, Canada, between May 18, 2010 and May 21, 2010. The Court reserved its decision on the Underlying Motions until Mr. Adekeye's deposition could be completed. The Court appointed Mr. George C. Fisher as Special Master for the deposition, and ordered that the parties supplement their briefing on the Underlying Motions so that they may incorporate Mr. Adekeye's deposition testimony. Currently, the parties' supplemental briefs are due May 27,

1   2010, with a further hearing on the matters scheduled for June 7, 2010.

2       Mr. Adekeye's deposition commenced in Vancouver, Canada on May 18, 2010. After
3   Cisco spent nearly fourteen (14) full hours deposing Mr. Adekeye, the proceedings were
4   interrupted by the Royal Canadian Mounted Police, who were accompanied by additional
5   uniformed Vancouver Police Officers. The Mounted Police informed counsel and the Special
6   Master appointed by the Court to oversee Mr. Adekeye's deposition, that they were there in order
7   to effectuate the arrest of Mr. Adekeye. The Mounted Police presented to counsel and the Special
8   Master a "Warrant For Provisional Arrest" issued pursuant to Section 13 of the Extradition Act,
9   wherein the Honourable Mr. Justice Leask had executed a provisional arrest warrant for Mr.
10  Adekeye. Attached to this provisional arrest warrant was a bench warrant issued by the
11  Honorable Howard R. Lloyd—the assigned Magistrate Judge to this matter--for the arrest of Mr.
12  Adekeye.

13      As soon as the Mounted Police presented these warrants for Mr. Adekeye's arrest, counsel
14  for Multiven, Mr. O'Leary requested, and the Special Master agreed, that the deposition of Mr.
15  Adekeye could no longer continue. Mr. Adekeye was then escorted from his deposition and into
16  the custody of the Canadian authorities. He is currently detained in Canada, without bail, and is
17  awaiting extradition to Northern California. There is a strong likelihood that extradition may not
18  occur for another thirty (30) days.

19  **III.   ARGUMENT**

20      **A.   Multiven will be irreparably prejudiced if the court does not Vacate or
21  Continue the May 27, 2010 Supplemental Briefing Deadline and the June 7, 2010, Further Hearing**

22      Multiven's supplemental briefing on the Underlying Motions is due May 27, 2010, and
23  the Court is to conduct a further hearing on the matters on June 7, 2010. In light of Mr.
24  Adekeye's arrest during his deposition, however, Mr. Adekeye's deposition is incomplete and
25  Multiven is unable to properly supplement its Court-ordered supplemental briefing. Without the
26  benefit of this supplemental briefing, the further hearing set for June 7, 2010, will be of no value.

27      Mr. Adekeye's arrest, at least from Multiven's perspective, was completely unforeseeable.
28  At no point during these entire proceedings was there any mention to Mr. Adekeye or to his

attorneys of a criminal investigation relating to the exact same facts underlying the instant civil lawsuit. Instead, Cisco insisted that the Court order Mr. Adekeye to be deposed, and proceeded to depose Mr. Adekeye for fourteen (14) hours. Despite having over three (3) days to do so, Cisco did not finish its questioning of Mr. Adekeye prior to his arrest. Mr. Adekeye's attorneys, moreover, were *entirely unable* to question their client in order to clarify or develop Mr. Adekeye's responses further. Because Mr. Adekeye is currently detained in Canada, without bail, he has not been able to review his testimony pursuant to Fed. R. Civ. P. 30, nor has he been able to otherwise summarize his testimony or prepare an affidavit to the Court requesting an extension of time to further brief the Underlying Motions.

In addition to the very real Fifth Amendment issues now a part of this case, Multiven fears that in the event the Court does not vacate or continue the supplemental briefing deadline and the June 7 hearing, Cisco will present, as evidence in support of its Underlying Motion, incomplete deposition testimony of a party witness. Such incomplete, one-sided and out of context evidence is entirely prejudicial to Multiven, and the Court should not consider it. *See, e.g.*, *Gonzales v. Novosel*, 2008 U.S. Dist. LEXIS 87608 (N.D. Cal. 2008) (in the context of a Rule 56(f) request, denying summary judgment because the non-moving party did not have the opportunity to complete deposition testimony of a party witness); *see also Indus. Diesel Serv., LLC v. M/V Q.B.*, 2009 U.S. Dist. LEXIS 12306 ( E.D. La.) (denying summary judgment where the only evidence presented in support was a transcript of an incomplete deposition).

On the other hand, Cisco cannot make any showing that it will be prejudiced by the Court continuing the supplemental briefing and hearing on the Underlying Motions. Indeed, to contend otherwise would be tantamount to suggesting that the Court abuse its discretion and consider inadmissible evidence. Nor, for that matter, can Cisco show that it will be prejudiced by having to wait a few weeks so that the Court and the parties can have a meaningful discussion on how Mr. Adekeye's arrest affects not only the Underlying Motions, but this entire civil action as well.

### IV. CONCLUSION

Given the inability of counsel to complete the court-ordered deposition testimony of Mr. Adekeye, and the irreparable harm Multiven will suffer should the Court consider such

incomplete testimony, Multiven respectfully requests that this Court either vacate or continue until further notice the pending May 27, 2010 supplemental briefing and June 7, 2010 further hearing on the Underlying Motion. Multiven also respectfully requests that the Court order a status conference on this matter so that all parties may discuss with the Court how to proceed in light of Mr. Adekeye's recent and unforeseeable arrest.

DATED: May 25, 2010  ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Thomas M. O'Leary
    JAMES C. POTEPAN
    THOMAS M. O'LEARY
    to'leary@rmkb.com
    MICHAEL S. KIM
    BRIAN C. VANDERHOOF
    Attorneys for Counterdefendants Multiven, Inc. and Peter Alfred-Adekeye

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document:

COUNTER-DEFENDANT'S ADMINISTRATIVE MOTION TO (1) VACATE OR CONTINUE THE MAY 27, 2010 SUPPLEMENTAL BRIEFING ON THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT, (2) VACATE OR CONTINUE THE JUNE 7, 2010 FURTHER HEARING ON THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT, AND (3) ORDER STATUS CONFERENCE

was filed with the Court's ECF system, which, in turn, served a true and accurate copy on the following listed counsel as follows:

☒ **Electronically Served through ECF:**

| | |
|---|---|
| Maxwell Michael Blecher | mblecher@blechercollins.com |
| Donald Ross Pepperman | dpepperman@blecher.com |
| Patrick M. Ryan | pryan@winston.com |
| Dan Keith Webb | dwebb@winston.com |
| Joseph J. Bial | joseph.bial@cwt.com |

☒ **Conventionally Served through U.S. Mail Delivery:**

James Robert Noblin, Esq.
Blecher & Collins, P.C.
515 South Figueroa Street, Suite 1750
Los Angeles, California 90017-3334

Charles F. Rule, Esq.
Caldwalader Wickershanm & Taft LLP
700p Sixth Street, N.W.
Washington, DC  20001

DATED:  May 25, 2010    */s/ Thomas M. O'Leary*
JAMES C. POTEPAN
THOMAS M. O'LEARY
to'leary@rmkb.com
BRIAN C. VANDERHOOF
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, California 90071
Phone: (213) 312-2000 / Fax: (213) 312-2001