1  PLEASE REFER TO THE SIGNATURE PAGE
2  FOR A FULL LISTING OF ALL PARTIES AND
3  THEIR ATTORNEYS
4  //
5  //
6  //
7  //
8  //

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC.,<br>a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS, INC.,<br>a California corporation,<br><br>　　　　　Defendant. | CASE NO.  C 08-05391 JW (HRL)<br>*Assigned to Honorable James Ware*<br><br>**DISCOVERY**<br><br>**MOTION TO SHORTEN TIME FOR DEFENDANT AND COUNTERCLAIMANT CISCO SYSTEMS, INC.'S AND COUNTERCLAIMANT CISCO TECHNOLOGY, INC.'S RESPONSE TO THE MAY 25, 2010 REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
| CISCO SYSTEMS, INC.,<br>a California corporation, CISCO TECHNOLOGY, INC., a California corporation,<br><br>　　　　　Counterclaimants,<br><br>　　v.<br><br>MULTIVEN, INC. a Delaware corporation; PINGSTA, INC., a Delaware corporation; and PETER ALFRED ADEKEYE, an individual,<br><br>　　　　　Counterdefendants | |

RC1/5589063.1/BCV                                       - 1 -

MOTION TO SHORTEN TIME FOR CISCO'S RESPONSE TO THE MAY 25, 2010 REQUESTS FOR PRODUCTION

# INTRODUCTION

Pursuant to Northern District of California Local Rule 6-3 and Federal Rule of Civil Procedure 34(b)(2)(A), Plaintiff and Counterdefendant Multiven, Inc. ("Multiven"), Counterdefendant Pingsta, Inc. ("Pingsta"), and Counterdefendant Peter Alfred-Adekeye ("Mr. Adekeye") respectfully request an order that Defendant and Counterclaimant Cisco Systems, Inc. and Counterclaimant Cisco Technology, Inc. (together "Cisco") respond to Plaintiff and Counterdefendants' May 25, 2010 Requests for the Production of Documents (the "Request")[1] (attached hereto as **Exhibit A**) within two (2) days of the Court's ruling on this Motion.

Mr. Adekeye, CEO of Multiven and a counterdefendant in his individual capacity, currently sits in Canadian jail, having been arrested on May 20, 2010, in the middle of giving a deposition in this <u>civil</u> action in Vancouver, Canada pursuant to this Court's Order dated March 24, 2010. *See* Declaration of Thomas M. O'Leary ("O'Leary Decl.") ¶¶ 2-3. The warrant, pursuant to which the Royal Canadian Mounted Police interrupted Mr. Adekeye's deposition and arrested him, describes the same conduct as that alleged by Cisco's counterclaims. *Id.* at ¶ 5. Given the overlap of Cisco's civil claims and the allegations supporting the arrest warrant, as well as the timing and location of Mr. Adekeye's arrest, it is highly likely that Cisco or its agents sought the criminal charges and arrest of Mr. Adekeye at his deposition. Any such evidence would be crucial to Mr. Adekeye's defense against extradition from Canada and the criminal charges underlying his arrest there. It is also relevant to the pending antitrust claims and additional potential claims against Cisco, given that Cisco's apparent involvement in Mr. Adekeye's arrest is an effort to deny him of his Constitutional rights and to intimidate Multiven

---

[1] Six requests for the production of documents were served on May 25, 2010 (one from each of Multiven, Pingsta, and Mr. Adekeye to each of Cisco Systems, Inc. and Cisco Technology, Inc.), but each such request was comprised of one identical document request. Exhibit A, Multiven's request to Cisco Systems, Inc., is provided as an example of these requests.

from pursuing its antitrust clams against Cisco's illegal practices. Therefore, Multiven seeks the Court's assistance in obtaining Cisco's responses in an expedited manner.

## TIME SHOULD BE SHORTENED FOR CISCO'S RESPONSE

Simply put, every day that Cisco waits to respond to the Request is an extra day that Mr. Adekeye is unable to defend himself fully from criminal charges and from extradition. Federal Rule of Civil Procedure 34(b)(2)(A) allows the Court to order a shortened time for Cisco to respond to the Request. The Court may shorten time where the moving party identifies a substantial harm that would occur absent shortening time. N.D. Cal. Civ. Local Rule 6-3(a)(3). The Court should exercise this power in this instance because there is good cause to do so and no harm or prejudice will befall Cisco. *See Coleman v. Schwarzenegger*, Nos. Civ S-90-0520 (LKK) (JFM), Civ-01-1351 (THE), 2007 WL 3231706 (E.D. Cal. Oct. 30, 2007) (shortening time for response to already-served discovery requests on finding of good cause).

Good cause exists to shorten Cisco's time to respond to the Request. The information sought by the Request is essential to Mr. Adekeye's personal defense against criminal charges, extradition, and whether Cisco is engaged in the ultimate exclusionary act — imprisonment of an admitted competitor. O'Leary Decl. ¶ 7. As the Court is aware, Mr. Adekeye is a British citizen residing in Switzerland. Therefore, in order to face United States criminal charges after his arrest in Canada, Mr. Adekeye would have to be extradited to the United States. The Request seeks information relevant to an extradition defense, including information regarding whether a civil litigation has been manipulated to procure Mr. Adekeye's arrest. Mr. Adekeye must have this information to defend himself fully, and, as he sits in Canadian jail at the moment, he must have it on the most expedited schedule possible. *Cf. Noble v. Kiewit Pacific Co.*, No Civ-08-00666 (SI), 2008 WL 413754 (N.D. Cal. Feb. 13, 2008) (finding good cause to order deposition of plaintiff within one week because of plaintiff's terminal cancer and bleak prognosis). Waiting 30 days, as

1  is the default timeframe for Cisco's response under Fed. R. Civ. P. 34(b)(2)(A), would constitute
2  substantial harm to Mr. Adekeye.
3  No harm will come to Cisco in responding to the Request in an expedited manner. The
4  Request seeks all communications between Cisco or its agents and government agencies, which
5  are relevant to Mr. Adekeye's arrest.[2] This is a limited set of communications. Compiling these
6  communications for production should not be a particularly difficult or time consuming task.
7  Additionally, because the Request seeks communications between Cisco (including the
8  company's attorneys and its employees) and unrelated government agencies, no communication
9  subject to the Request could be subject to any privilege; therefore, Cisco will not need to
10 undertake any privilege review. Cisco can easily respond to this request within the timeframe
11 requested herein, and to the extent they would claim any harm or prejudice in doing so, it could
12 not compare to the harm and prejudice realized by Mr. Adekeye as he sits in Canadian jail. This
13 Court should order Cisco respond to the Request within two days of deciding this Motion.

DATED: May 24, 2010

Respectfully submitted,

By: /s/ Joseph J. Bial
CADWALADER, WICKERSHAM & TAFT LLP
CHARLES F. RULE (*pro hac vice*)
rick.rule@cwt.com
JOSEPH J. BIAL (*pro hac vice*)
joseph.bial@cwt.com
700 Sixth Street, N.W.
Washington, DC 20001
Telephone: 202.862.2200
Facsimile: 202.862.2400

Attorneys for Plaintiff MULTIVEN, INC.

By: /s/ Donald R. Pepperman
BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER [SBN 26202]

---

[2] In the interest of brevity, the full language of the Requests is not restated here. However, this description is substantively accurate to the Requests. In no way is this description meant to limit or otherwise alter the Requests as presented. For the full language of the Requests, see Exhibit A, which is Multiven Inc's request on Cisco Systems, Inc. — the other

RC1/5589063.1/BCV

- 4 -

MOTION TO SHORTEN TIME FOR CISCO'S RESPONSE TO THE MAY 25, 2010 REQUESTS FOR PRODUCTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

mblecher@blechercollins.com
DONALD R. PEPPERMAN [SBN 109809]
dpepperman@blechercollins.com
JAMES R. NOBLIN [SBN 114442]
rnoblin@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071
Telephone:     (213) 622-4222
Facsimile:     (213) 622-1656

Attorneys for Plaintiff MULTIVEN, INC.


By:_____/s/ Thomas M. O'Leary_____
ROPERS, MAJESKI, KOHN & BENTLEY
JAMES C. POTEPAN [SBN 107370]
jpotepan@rmkb.com
THOMAS M. O'LEARY [SBN 126146]
to'leary@rmkb.com
MICHAEL S. KIM [SBN 227685]
mkim@rmkb.com
BRIAN C. VANDERHOOF [SBN 248511]
bvanderhoof@rmkb.com
515 S. Flower Street, Suite 1100
Los Angeles, California 90071
Telephone:     (213) 312-2000
Facsimile:     (213) 312-2001

Attorneys for Counterdefendants MULTIVEN, INC., PINGSTA, INC., and PETER ALFRED-ADEKEYE


I, Thomas M. O'Leary, hereby attest, pursuant to N.D. Cal. General Order No. 45, that the concurrence to the filing of this document has been obtained from each signatory hereto.

                    _____/s/ Thomas M. O'Leary_____
                    Thomas M. O'Leary

Exhibit A to the Motion to Shorten Time for Defendant and Counterclaimant Cisco Systems, Inc.'s and Counterclaimant Cisco Technology, Inc.'s Response to the May 25, 2010 Requests for the Production of Documents

Plaintiff and Counterdefendant Multiven, Inc's Request for the Production of Documents Served on Cisco Systems, Inc. on May 25, 2010

1  JAMES C. POTEPAN [SBN 107370]
   jpotepan@rmkb.com
2  THOMAS M. O'LEARY [SBN 126146]
   to'leary@rmkb.com
3  MICHAEL S. KIM [SBN 227685]
   mkim@rmkb.com
4  BRIAN C. VANDERHOOF [SBN 248511]
   bvanderhoof@rmkb.com
5  ROPERS, MAJESKI, KOHN & BENTLEY
   515 S. Flower Street, Suite 1100
6  Los Angeles, California 90071
   Telephone:    (213) 312-2000
7  Facsimile:    (213) 312-2001

8  Attorneys for Counter-Defendants
   MULTIVEN, INC., PINGSTA, INC.,
9  and PETER ALFRED-ADEKEYE

10 CHARLES F. RULE (*pro hac vice*)
   rick.rule@cwt.com
11 JOSEPH J. BIAL (*pro hac vice*)
   joseph.bial@cwt.com
12 CADWALADER, WICKERSHAM & TAFT LLP
   700 Sixth Street, N.W.
13 Washington, DC 20001
   Telephone: 202.862.2200
14 Facsimile: 202.862.2400

15 Attorneys for Plaintiff MULTIVEN, INC.

16             UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
17                   SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN INC.,<br>a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>-against-<br><br>CISCO SYSTEMS, INC.,<br>a California corporation,<br><br>　　　　　　　　Defendant.<br><br>CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>　　　　　　　　Counterclaimants, | CASE No.: C 08-05391 JW-RS<br><br>Hon. James Ware<br><br>**PLAINTIFF AND COUNTERDEFENDANT MULTIVEN INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AND COUNTERCLAIMANT CISCO SYSTEMS, INC.** |

RC1/5588518.1/BCV                       - 1 -

-against-

MULTIVEN INC., a Delaware corporation, PINGSTA, INC., a Delaware Corporation, and PETER ALFRED ADEKEYE,

Counterdefendants.

REQUESTING PARTY: MULTIVEN, INC.

RESPONDING PARTY: CISCO SYSTEMS, INC.

SET NUMBER: TWO (2)

Pursuant to Rule 34 of Federal Rules of Civil Procedure, Plaintiff and Counterdefendant Multiven, Inc. hereby serves this Second Request for Production of Documents (the "Requests") to Defendant and Counterclaimant Cisco Systems, Inc. to be answered fully, in writing, and under oath, and in a timeframe in compliance with Rule 34 of the Federal Rules of Civil Procedure, no later than thirty (30) days after service of these Requests unless such timeframe is modified by the Court. All objections, responses, and responsive documents shall be served and/or produced to Ropers Majeski Kohn Bently, c/o Thomas O'Leary, 515 South Flower Street, Suite 1100, Los Angeles, CA 90017 and Cadwalader, Wickersham & Taft, c/o Joseph Bial, 700 Sixth Street, N.W., Washington, DC 20001.

## DEFINITIONS

As used herein, the following terms are defined as indicated:

1. "YOU" and "YOUR" as used herein means Defendant and Counterclaimant Cisco Systems, Inc. and any person acting on its behalf or at its direction.

2. "MULTIVEN" means Plaintiff and Counterdefendant Multiven, Inc.

3. "ADEKEYE" means Counterdefendant Peter Alfred-Adekeye.

4. "ACTION" means the complaint filed on December 1, 2008 and the answer and counterclaims filed on November 20, 2009 in the above captioned case.

## INSTRUCTIONS

1. In accordance with the requirements of the Federal Rules of Civil Procedure, these Requests are continuing in character so as to require YOU to amend and supplement the responses if YOU obtain different or further information, and for YOU to serve on MULTIVEN such amended or supplemental responses.

2. To the extent any objection is made to any of these Requests, YOU must respond to so much of each such request for production of documents to which no objection is made. State in full the part of the request for production of documents objected to and set forth the grounds for each objection. If any objection on the grounds of vagueness, over-breadth, or any similar ground is made, YOU must respond to the Request as narrowed to conform to YOUR objection. If YOU contend that any of the requested information is protected by the attorney-client privilege, work-product doctrine, or any other privilege, please provide a concise statement of the grounds upon which the claim of privilege is asserted.

3. When a request for production of documents does not specifically request a particular fact, but where such fact or facts are necessary to make the answer to said request for production of documents either comprehensible, complete, or not misleading, such fact or facts should be included as part of the answer, and the request for production of documents shall be deemed specifically to request such fact or facts.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**

Any and all communications, including but not limited to electronic mail, letter, facsimile, phone calls, or records reflecting any electronic mail, letter, facsimile, or phone calls between, on the one hand, any of YOUR attorneys or outside counsel, any of YOUR employees or former

employees, or any of YOUR agents, and, on the other hand, any U.S. federal, state, or foreign government agency, or any employee of any U.S. federal, state, or foreign governmental agency regarding any claim, defense, fact, circumstance, or allegation included, referenced in, or relating to the ACTION, as well as a certification that all such documents in YOUR possession, custody, or control have been produced in response to this request.

DATED: May 24, 2010        ROPERS MAJESKI KOHN BENTLEY

By:    /s/ Brian C. Vanderhoof
    James C. Potepan
    Thomas M. O'Leary
    Michael S. Kim
    Brian C. Vanderhoof
    *Attorneys for Counterdefendant Multiven, Inc.*

CADWALADER, WICKERSHAM & TAFT LLP

By:    /s/ Joseph J. Bial
    CHARLES F. RULE
    JOSEPH J. BIAL
    *Attorneys for Plaintiff Multiven, Inc.*