RCI/5589078.1/BCV

JAMES C. POTEPAN [SBN 107370]
jpotepan@rmkb.com
THOMAS M. O'LEARY [SBN 126146]
to'leary@rmkb.com
MICHAEL S. KIM [SBN 227685]
mkim@rmkb.com
BRIAN C. VANDERHOOF [SBN 248511]
bvanderhoof@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
515 S. Flower Street, Suite 1100
Los Angeles, California 90071
Phone: (213) 312-2000
Facsimile: (213) 312-2001

Attorneys for Counter-Defendants MULTIVEN, INC., PINGSTA, INC. and PETER ALFRED-ADEKEYE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California corporation,<br><br>Defendant.<br><br>CISCO SYSTEMS, INC., a California corporation, CISCO TECHNOLOGY, INC., a California corporation,<br><br>Counterclaimants,<br><br>v.<br><br>MULTIVEN, INC. a Delaware corporation; PINGSTA, INC., a Delaware corporation; and PETER ALFRED ADEKEYE, an individual,<br><br>Counter-Defendants | CASE NO. C 08-05391 JW (HRL)<br>*Assigned to Honorable James Ware*<br><br>**DISCOVERY**<br><br>**DECLARATION OF THOMAS M. O'LEARY IN SUPPORT OF MOTION TO SHORTEN TIME FOR DEFENDANT AND COUNTERCLAIMANT CISCO SYSTEMS, INC.'S AND COUNTERCLAIMANT CISCO TECHNOLOGY, INC.'S RESPONSE TO THE MAY 25, 2010 REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

I, Thomas M. O'Leary, declare as follows:

1. I am a member in good standing of the State Bar of California. I am a partner with Ropers, Majeski, Kohn & Bently, attorneys for Counterdefendants Multiven, Inc., Pingsta, Inc., and Peter Alfred-Adekeye in the above-captioned action. I have personal knowledge of the facts set forth herein, except where noted, and if called to testify, could and would competently testify thereto.

2. On March 24, 2010, this Court ordered the depositions of Peter Alfred-Adekeye and Deka Yussuf to occur in Vancouver, Canada pursuant to dates to be agreed upon by counsel. Such dates were determined to be May 18-21, 2010.

3. In the midst of giving deposition testimony on Thursday, May 20, 2010, Mr. Adekeye was interrupted by the Royal Canadian Mounted Police's entry into the deposition room. The Royal Canadian Mounted Police arrested Mr. Adekeye at that time.

4. Mr. Adekeye's arrest was pursuant to a warrant issued by United States Magistrate Judge Howard Lloyd, based upon a criminal complaint filed by Special Agent Katie Pierce of the U.S. Secret Service on allegations mirroring the counterclaims asserted by Cisco in the above-captioned matter. The arrest warrant proceeded through official channels to Canadian law enforcement, so that Mr. Adekeye would be arrested in Canada and subject to extradition to the United States.

5. Mr. Adekeye is currently in Canadian jail, pending resolution of extradition hearings.

6. Given the similarity between the allegations underlying the criminal complaint and Cisco's counterclaims in the above-captioned matter, as well as the fact that the only individuals who were previously aware of Mr. Adekeye's presence in Canada are parties to or attorneys in the above-captioned action, it is likely that Cisco or its agents or attorneys communicated with U.S. government agencies to seek or enable Mr. Adekeye's arrest.

7. Any information regarding the manipulation of a civil proceeding to effect Mr. Adekeye's arrest in Canada on criminal charges is relevant to Mr. Adekeye's defenses against both extradition and the underlying criminal charges.

8. Plaintiff and Counterdefendants have not sought a stipulation from Cisco to shorten time on Cisco's response to the May 25, 2010 Requests for the Production of Documents (the "Requests") because the circumstances demonstrate that such an attempt would be futile.

9. If Plaintiff and Counterdefendants' motion to shorten time is not granted, Cisco Systems, Inc. and Cisco Technology, Inc. (together "Cisco") will have the standard 30 days to respond to the Requests pursuant to Fed. R. Civ. P. 34(b)(2)(A). Every day that passes without Cisco's response is a day that Mr. Adekeye sits in Canadian jail unable to provide a complete defense to extradition. Waiting 30 days for Cisco's response would constitute substantial harm.

10. The requested time modification will have no effect on the schedule for the above-captioned action.

11. Previous time modifications in this case include:

(a) Extension of Defendant's time to answer complaint on 12/29/2008 (Dkt. No. 9);

(b) Extension of Defendant's time to answer complaint on 3/11/2009 (Dkt. No. 13);

(c) Extension of Defendant's time to answer complaint and change to CMC date on 3/27/2009 (Dkt. No. 15);

(d) Extension of Defendant's time to answer complaint and change to CMC date on 5/1/2009 (Dkt. No. 18);

(e) Extension of Counterdefendants' time to answer Counterclaims on 6/10/2009 (Dkt. No. 31);

RC1/5589078.1/BCV

(f) Extension of Counterdefendants' time to answer First Amended Counterclaims on 7/16/2009 (Dkt. No. 38); and

(g) Extension of Counterdefendants' time to answer First Amended Counterclaims on 8/12/2009 (Dkt. No. 41).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California on May 25, 2010.

          /s/ Thomas M O'Leary
          Thomas M. O'Leary

- 4 -

O'LEARY DECLARATION IN SUPPORT OF MOTION TO SHORTEN TIME FOR CISCO'S RESPONSE TO RFPD