**\*\* E-filed May 27, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation | No. C08-05391 JW (HRL) |
| Plaintiffs,<br>v. | **ORDER DENYING COUNTERDEFENDANTS' MOTION TO SHORTEN TIME** |
| CISCO SYSTEMS, INC., a California corporation, | **[Re: Docket No. 211]** |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

Plaintiff Multiven, Inc. ("Multiven"), a provider of service and maintenance support for router and networking systems, sued defendant Cisco Systems, Inc., a leading provider of Internet Protocol-based networking technologies, alleging violations of the Sherman Antitrust Act and related state claims. Cisco Systems, Inc., along with related-entity Cisco Technology, Inc. (collectively, "Cisco"), thereafter brought counterclaims against Multiven as well as Pingsta, Inc. ("Pingsta") and Peter Alfred-Adekeye ("Mr. Adekeye"), a former Cisco employee and current Chief Executive Officer of Multiven and Pingsta (collectively, "Counterdefendants"). Cisco's counterclaims allege copyright infringement, violation of the Computer Fraud and Abuse Act, false advertising in violation of the Lanham Act, and related state claims.

Pursuant to a warrant issued by this court and based upon a criminal complaint, Mr. Adekeye was arrested on May 20, 2010 by the Royal Mounted Canadian Police during Mr. Adekeye's

1  deposition in Vancouver, Canada in the above-referenced civil action.  He is currently detained in a
2  Canadian jail awaiting possible extradition to the United States (Mr. Adekeye is a British citizen
3  currently residing in Switzerland).  The warrant upon which Mr. Adekeye was arrested describes
4  similar conduct to that as alleged by Cisco in its counterclaims.  Counterdefendants believe that,
5  given this similarity and the timing and location of the arrest, it is highly likely that Cisco or its
6  agents sought the criminal charges and arrest of Mr. Adekeye at his deposition.  As such, on or
7  about May 25, 2010,[1] Counterdefendants served on Cisco six requests for production of documents,[2]
8  all of which contained the following single, identical document request:

> Any and all communications, including but not limited to electronic mail, letter, facsimile, phone calls, or records reflecting any electronic mail, letter, facsimile, or phone calls between, on the one hand, any of YOUR[3] attorneys or outside counsel, any of YOUR employees or former employees, or any of YOUR agents, and, on the other hand, any U.S. federal, state, or foreign government agency, or any employee of any U.S. federal, state, or foreign governmental agency regarding any claim, defense, fact, circumstance, or allegation included, referenced in, or relating to the ACTION,[4] as well as a certification that all such documents in YOUR possession, custody, or control have been produced in response to this request.

14  (Mot., Ex. A.)  Counterdefendants claim that the information sought by the document
15  requests would be crucial to Mr. Adekeye's defense against extradition and the charges underlying
16  his arrest, and would be relevant to the pending antitrust claims and additional potential claims
17  against Cisco as well.[5]  Accordingly, Counterdefendants filed on May 25, 2010 a motion to shorten
18  time requesting that the court issue an order requiring Cisco to respond to the requests within two
19  days of the issuance of the order, instead of within 30 days from the date of service pursuant to
20  Federal Rule of Civil Procedure 34(b)(2)(A).  Cisco opposes the motion.

---

[1] The moving papers are in conflict regarding the date on which the document requests were served. Counterdefendants' motion states that service occurred on May 25, 2010 (Mot. 2 n.1) while Cisco's opposition states that the requests were served on May 24, 2010 (Opp'n. 1).
[2] According to Counterdefendants, one request was made by each of the three counterdefendants to each of two counterclaimants for a total of six identical requests. (Mot. 2 n.1.)
[3] The request for production of documents defines "YOU" and "YOUR" to mean Defendant and Counterclaimant Cisco Systems, Inc. and any person acting on its behalf or at its direction. (Mot., Ex. A.)
[4] The request for production of documents defines "ACTION" to the mean the above-referenced civil case. (Mot., Ex. A.)
[5] In their motion, Counterdefendants claim that Cisco's apparent involvement in Mr. Adekeye's arrest is an effort to deny him of his Constitutional rights and to intimidate Multiven from pursuing its antitrust claims against Cisco.

2

1  Counterdefendants correctly state that Federal Rule of Civil Procedure 34 allows the court to
2  order a shortened time for a party to respond to a document request. FED. R. CIV. P. 34(b)(2)(A).
3  Per this district's local rules, the court may shorten time where the moving party sets forth with
4  particularity the reasons for the shortened time and identifies the substantial harm or prejudice that
5  would occur without the change in time. *See* N.D. Cal. Civ. Local Rule 6-3(a).[6] In their motion,
6  Counterdefendants argue that waiting the default 30 days for Cisco to respond would constitute
7  substantial harm because Mr. Adekeye needs the information requested to defend against his
8  extradition and the criminal charges against him. They further argue that the information sought is
9  relevant to the pending civil case and additional potential claims against Cisco.

The problem, however, is that any communications between Cisco and any government agencies about the civil action would be irrelevant to Mr. Adekeye's extradition proceedings in Canada. During Canadian extradition proceedings, "a Canadian extradition judge determines whether the conduct in the foreign state would constitute an offense in Canada if it had occurred in Canada and if there is sufficient evidence to prosecute the fugitive." *United States v. Asiegbu*, No. CR 02-00673 MMM, 2009 WL 413132, at *1 (C.D. Cal. Feb. 17, 2009) (internal quotations omitted). If so, "the Canadian Minister of Justice must make a decision whether the defendant should be surrendered to the requesting state in accordance with the relevant extradition treaty." *Id.*

Given the specific and limited scope of the Canadian extradition inquiry, documents reflecting communications between Cisco and any government agencies concerning the civil action would not be relevant to Mr. Adekeye's extradition proceeding. As such, he would not suffer the requisite substantial harm or prejudice required by Local Rule 6-3(a) to shorten time. Accordingly, Counterdefendants' motion to shorten time is DENIED.

**IT IS SO ORDERED.**

Dated: May 27, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[6] Among other requirements, Local Rule 6-3(a) further instructs that the moving party describe any efforts made to obtain a stipulation to the time change. Counterdefendants' attorney, however, states in his supporting declaration that Counterdefendants have not sought such a stipulation "because the circumstances demonstrate that such an attempt would be futile." (Decl. of Thomas M. O'Leary 3.)

3

Proceeding:

**C08-05391 JW (HRL) Notice will be electronically mailed to:**

| Name | Email |
|---|---|
| Brian Curtis Vanderhoof | bvanderhoof@rmkb.com, aarriola@rmkb.com, jcecchini@rmkb.com, kkakiuchi@rmkb.com |
| Dan Keith Webb | dwebb@winston.com |
| Donald Ross Pepperman | dpepperman@blechercollins.com, ljaramillo@blechercollins.com |
| James C. Potepan | jpotepan@ropers.com, aarriola@ropers.com, kkakiuchi@ropers.com, tpierson@ropers.com |
| Joseph J. Bial | joseph.bial@cwt.com |
| Maxwell Michael Blecher | mblecher@blechercollins.com |
| Michael Sungwoo Kim | mkim@rmkb.com, jcecchini@rmkb.com, kkakiuchi@rmkb.com |
| Patrick Martin Ryan | pryan@winston.com, DocketSF@winston.com, mthomasian@winston.com, ndelich@winston.com, tmontague@winston.com |
| Thomas Michael O'Leary | toleary@rmkb.com, aarriola@rmkb.com, jcecchini@rmkb.com, kkakiuchi@ropers.com |

**Notice will be sent by other means to:**

Charles F. Rule
Cadwalader Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC 20001

James Robert Noblin
Blecher & Collins, P.C.
515 South Figueroa Street
Suite 1750
Los Angeles, CA 90017-3334

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4