Dan K. Webb (*pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601-9703
Telephone:   (312) 558-5600
Facsimile:    (312) 558-5700
dwebb@winston.com

Patrick M. Ryan (SBN 203215)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400
pryan@winston.com

Attorneys for Defendant and Counterclaimant
CISCO SYSTEMS, INC. and Counterclaimant
CISCO TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS, INC., a California corporation,<br><br>　　　　　　　Defendant.<br><hr>CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>　　　　　　　Counterclaimants,<br><br>　　v.<br><br>MULTIVEN, INC., a Delaware corporation, PINGSTA, INC., a Delaware corporation, and PETER ALFRED-ADEKEYE, an individual,<br><br>　　　　　　　Counterdefendants. | **Case No. 5:08-cv-05391 JW (HRL)**<br><br>**CISCO'S OBJECTIONS TO PAGE 2, LINES 10-13 OF BRIEF OF COUNTERDEFENDANTS RE MOTION FOR SUMMARY ADJUDICATION (DOCKET ENTRY NO. 215)**<br><br>Date:　　June 7, 2010<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 8, Fourth Floor<br>Judge:　　Hon. James Ware |

1  In their Supplemental Brief re Motion for Summary Adjudication, Counterdefendants
2  Multiven, Inc., Pingsta, Inc., and Peter Alfred-Adekeye made the following statements:
3      This was a deposition which Cisco insisted on as part of a settlement with the plaintiff and
4      counter defendants. It is now apparent that the purpose of the deposition was not to obtain
5      testimony from Adekeye regarding the case, but to lure him to Vancouver, Canada so that he
6      could be arrested.
7  (Docket Entry ("DE") 215.) Cisco objects to both.
8      First, the only settlement discussions to have recently taken place have been in the context of
9  mediation. (Declaration of Patrick M. Ryan in Support of Cisco's Supplemental Brief, Docket Entry
10 ("DE") 217, ¶ 2.) As such, any reference to the settlement (accurate or not) or its purported terms is
11 improper and in violation of the mediation privilege (Fed. R. Evid. 501) and other applicable
12 protections. (*See Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180
13 (C.D. Cal. 1998); ADR Local Rule 6-12.) Therefore, Cisco objects and requests that it be stricken
14 and counsel be admonished to refrain from referencing settlement discussions.
15     Second, Multiven, of its own free will, sued Cisco on December 1, 2008, alleging
16 anticompetitive conduct, even though Mr. Adekeye (Multiven's CEO, agent for service of process,
17 custodian of records, and Rule 30(b)(6) designee) was not in the United States and likely could not
18 return. Initially claiming that Mr. Adekeye could not be deposed in San Francisco due to the
19 "Thanksgiving holiday and other commitments" (Ryan Declaration in Support of Cisco's Opposition
20 to Motion for Protective Order, DE 141 ¶ 6 & Ex. E), Plaintiff Multiven eventually revealed to Cisco
21 that Mr. Adekeye could not enter the United States (*id.* ¶ 11 & Ex. I).
22     Unable to reach agreement where Mr. Adekeye's deposition should take place, in January
23 2010, Cisco noticed his deposition in San Francisco. Cisco also noticed San Francisco depositions
24 for Multiven's Rule 30(b)(6) designee, its custodian of records, Pingsta's Rule 30(b)(6) designee,
25 and its custodian of records. In February 2010, Counterdefendants moved to quash all of these
26 depositions or to require Cisco to travel to Switzerland to take them. (MPA ISO Motion to Quash or
27 Modify Subpoenas and Deposition Notices, DE 129 at 1.) For the first time in their moving papers,
28 Counterdefendants identified Mr. Adekeye as Multiven and Pingsta's custodians of records as well

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

as their Rule 30(b)(6) designees. (*Id.* at 2.) Their moving papers also suggested that Mr. Adekeye would be willing to voluntary travel to Canada for the depositions. (*Id.* at 1 ["Adekeye has also offered to appear in Vancouver, Canada, which is a much shorter flight from San Francisco and Los Angeles. Cisco has not accepted Adekeye's proposal."], citations omitted.)

After considering the parties' submissions, Magistrate Judge Lloyd *sua sponte* directed the parties to brief "the international law restrictions, if any, of conducting the depositions in Canada, the United Kingdom, or Switzerland" and the costs of deposing Mr. Adekeye in Canada. (Interim Order Re: Counterdefendants' Motion to Quash, DE 147.) After the parties filed their supplemental briefs, Magistrate Judge Lloyd found that both parties agreed that "Swiss law forbids the[] depositions from taking place in Switzerland absent prior authorization from the Swiss government" and that "Canada does not restrict the foreign depositions of willing witnesses." And, on March 24, 2010, he held that Canada was the most appropriate locations for the depositions "taking into consideration cost, international law, and general practicality" and ordered that the depositions take place in Vancouver. (Order Granting in Part Counterdefendants' Motion to Quash or Modify Subpoenas and Deposition Notices, DE 168 at 3.)

Mr. Adekeye admits that he "agreed to make himself available for deposition in Vancouver, Canada, between May 18, 2010 and May 21, 2010." (Counterdefendants' Administrative Motion to Vacate, DE 210 at 2). And he admits that he was deposed for "nearly fourteen (14) full hours." (*Id.* at 3.) Therefore, the contention that the purpose of Mr. Adekeye's deposition was to lure him into an arrest — an arrest made at the behest of U.S. authorities pursuant to a warrant Magistrate Judge Lloyd signed on May 19, 2010 (Declaration of Thomas M. O'Leary in Support of Counterdefendants' Administrative Motion, DE 210-1, ¶ 4 & Ex. A) — is objectionable.

Dated: May 27, 2010                                                 Respectfully submitted,

WINSTON & STRAWN LLP

By   */s/ Patrick M. Ryan*
PATRICK M. RYAN
Attorneys for Defendant and Counterclaimant
CISCO SYSTEMS, INC. and Counterclaimant
CISCO TECHNOLOGY, INC.