1  JAMES C. POTEPAN [SBN 107370]
   jpotepan@rmkb.com
2  THOMAS M. O'LEARY [SBN 126146]
   to'leary@rmkb.com
3  MICHAEL S. KIM [SBN 227685]
   mkim@rmkb.com
4  BRIAN C. VANDERHOOF [SBN 248511]
   bvanderhoof@rmkb.com
5  ROPERS, MAJESKI, KOHN & BENTLEY
   515 S. Flower Street, Suite 1100
6  Los Angeles, California 90071
   Telephone:    (213) 312-2000
7  Facsimile:    (213) 312-2001

8  Attorneys for Counterdefendants MULTIVEN, INC.,
   PINGSTA, INC. and PETER ALFRED-ADEKEYE
9
   CHARLES F. RULE [*pro hac vice*]
10 rick.rule@cwt.com
   JOSEPH J. BIAL [*pro hac vice*]
11 joseph.bial@cwt.com
   CADWALADER, WICKERSHAM & TAFT LLP
12 700 Sixth Street, N.W.
   Washington, DC 20001
13 Telephone:    (202) 862-2200
   Facsimile:    (202) 862-2400
14
   MAXWELL M. BLECHER [SBN 26202]
15 mblecher@blechercollins.com
   DONALD R. PEPPERMAN [SBN 109809]
16 dpepperman@blechercollins.com
   BLECHER & COLLINS, P.C.
17 515 South Figueroa Street, Suite 1750
   Los Angeles, California 90071
18 Telephone:    (213) 622-4222
   Facsimile:    (213) 622-1656
19
   Attorneys for Plaintiff MULTIVEN, INC.
20

21              UNITED STATES DISTRICT COURT

22              NORTHERN DISTRICT OF CALIFORNIA

23                    SAN JOSE DIVISION

24

25

26  / / /

27  / / /

28  / / /
    RC1/5595341.1/JMJ

**OBJECTIONS TO COUNTERCLAIMANTS' LATE FILED ARGUMENTS**

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS, INC., a California corporation,<br><br>  Defendant.<br><br>CISCO SYSTEMS, INC., a California corporation, et al.<br><br>  Counterclaimant,<br><br>  v.<br><br>MULTIVEN, INC. a Delaware corporation; PINGSTA, INC., a Delaware corporation; and PETER ALFRED ADEKEYE, an individual,<br><br>  Counter-Defendants | **CASE NO. C 08-05391 JW (HRL)**<br>*Assigned to Honorable James Ware*<br><br>**OBJECTIONS TO AND MOTION TO STRIKE COUNTERCLAIMANTS' LATE-FILED ARGUMENTS STYLED AS A SECOND AMENDED PROPOSED ORDER** |

Plaintiff and Counter-Defendants hereby object to and move to strike defendant and counter-claimants Cisco Systems, Inc. and Cisco Technology, Inc.'s (together, "Cisco") 29 page, 159 footnote, late-filed "Second Amended Proposed Order Granting Cisco's Motion for Partial Summary Judgment and Denying Counterdefendants' Motion for Partial Summary Judgment" (Dkt. 225) (hereinafter the "Late Filed Arguments") as the document is another attempt at introducing new and novel arguments supporting Cisco's Motion for Partial Summary Judgment and its Opposition to counter-defendants Multiven, Inc., Pingsta, Inc. and Peter Alfred-Adekeye (collectively, "Multiven") competing Motion for Partial Summary Judgment. In particular, Cisco's Late Filed Arguments are an attempt to place before the Court inadmissible evidence, in addition to continued argument as to the merits of Cisco's position with respect to the underlying motions. These Late Filed Arguments were filed in violation of Northern District Local Rule 7-3 which reads in pertinent part:

> Supplementary Material. Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion - without argument. Otherwise, *once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.*

Civil L.R. 7-3(d)(*emphasis added*). Cisco implicitly admits that its Late Filed Arguments are not premised on a relevant judicial opinion published after the date for filing the replies to the underlying motions, as it certainly would have filed a Statement of Recent Decision if that were the case. It did not. What is more, Cisco's Late Filed Arguments are riddled with out-of-context statements from Mr. Adekeye's suspended and incomplete deposition. As the Court is well aware, Mr. Adekeye was arrested by the Royal Canadian Mounted Police at his Court-ordered deposition on May 20, 2010. Despite Counterdefendants repeated arguments that any statements are of no evidentiary value, and infringe upon Mr. Adekeye's Fifth Amendment privileges, Cisco continues to parade Mr. Adekeye's suspended and incomplete deposition testimony in front of the Court.

Additionally, Cisco's Late Filed Arguments ramble on for 29 pages and contain no fewer than 159 footnotes. This too is in violation of the Local Rules. Rule 7-4 is explicit:

> Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Civil L.R. 7-3(b). Granted, Cisco's Late Filed Arguments are couched as a "Second Amended Proposed Order," but there can be no mistaking that the document's title is no more than an obvious attempt to end run the Local Rules. Indeed, this now marks the second time by which Cisco has lodged with the Court a sprawling, prolix and improper proposed order. (See Dkt.

1 #185.) The Court should not tolerate Cisco's continuous and intentional violations of the Court's
2 Rules.
3 In short, Cisco's "Second Amended Proposed Order" is a thinly disguised argument on
4 the merits of Cisco's summary judgment positions, and inappropriately attempts to throw before
5 the Court the suspended, incomplete and out of context deposition testimony of Mr. Adekeye.
6 Accordingly, Multiven objects to Cisco's Late Filed Arguments and requests that this court strike
7 Docket Entry No. 225 from the record in its entirety as an unauthorized, excessive pleading.
8 Moreover, notwithstanding the impropriety of Cisco's Late Filed Arguments as a whole,
9 Cisco also improperly offers language and remedies that are plainly relevant only to Multiven's
10 antitrust claims. At page 28, lines 14 through 28, Cisco offers language that culminates with a
11 proposed holding that "Cisco is not and has not been obligated to do business with Multiven and
12 may cease doing business with it within 90 days after entry of this Order." This paragraph has
13 nothing to do with Cisco's counterclaims and is not linked to any facts that are relevant to the
14 antitrust claims; indeed, discovery to develop such facts is ongoing, and Cisco's attempt to short-
15 circuit it in this proposed "order" – although desirable to Cisco – is without basis. Instead, this
16 paragraph is relevant _only_ to the potential remedies that Multiven may seek may seek in
17 connection with Cisco's anticompetitive conduct, which has not ceased as the facts developed
18 (and being developed) in discovery will demonstrate. Put simply, Multiven's antitrust claims
19 have not been briefed, discussed, or put before the Court by any of the underlying motions and
20 accompanying voluminous paperwork submitted by Cisco in the past week-and-a-half or in its
21 briefing submitted to the Court prior to the depositions in Vancouver. Therefore, even if the
22 remainder of Cisco's Proposed Order were proper, page 28, lines 14 through 28, must be
23 stricken.
24 Not only does Cisco improperly import Multiven's antitrust claims into a proposed order
25 regarding Cisco's counterclaims, Cisco turns that antitrust issue upside down. Cisco's Late Filed
26 Arguments would have the Court hold that because "Multiven had been obtaining bug fixes by
27 illegally accessing Cisco's proprietary network," (Late Filed Arguments at 28), certain antitrust
28

RC1/5595341.1/JMJ - 4 -

**OBJECTIONS TO COUNTERCLAIMANTS' LATE FILED ARGUMENTS**

remedies are no longer available to Multiven. The issue in the antitrust case goes to Cisco's anticompetitive and exclusionary conduct, which may be proved by examining facts as to whether Cisco does indeed tie bug fixes to the purchase of its SMARTnet service. Indeed, facts developed from Cisco's own documents (few of which have apparently been produced to date) may alone establish the antitrust violations at issue in this case. Third-party testimony from customers, potential customers and other independent service organizations (i.e., competing services to those of Multiven and of Cisco) is also relevant to the antitrust claims, and that testimony has not been adduced at this point, as fact-discovery is ongoing. Accordingly, there simply is no place in the proposed "order" for any commentary on the antitrust claims – and certainly it is premature and wholly without support to limit remedies available to address any violations by Cisco of the antitrust laws based upon the briefing presently before the Court.

DATED: June 2, 2010          ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Michael S. Kim
   JAMES C. POTEPAN
   THOMAS M. O'LEARY
   MICHAEL S. KIM
   BRIAN C. VANDERHOOF
   Attorneys for Counterdefendants MULTIVEN, INC., PINGSTA, INC. and PETER ALFRED-ADEKEYE

DATED: June 2, 2010          CADWALADER, WICKERSHAM & TAFT LLP

By: /s/ Joseph J. Bial
   CHARLES F. RULE
   JOSEPH J. BIAL
   Attorneys for Plaintiff MULTIVEN, INC.

1  DATED: June 2, 2010              BLECHER & COLLINS P.C.

2

3                                   By: /s/ Donald R. Pepperman
                                        MAXWELL M. BLECHER
                                        DONALD R. PEPPERMAN
4                                       JAMES R. NOBLIN
                                        Attorneys for Plaintiff MULTIVEN, INC.
5

6

7

8
      I, MICHAEL S. KIM, hereby attest, pursuant to N.D. General Order No. 45 that the
9
concurrence to the filing of this document has been obtained from each signatory hereto.
10

11

12                                           /s/ *Michael S. Kim*
                                             MICHAEL S. KIM
13

RC1/5595341.1/JMJ                    - 6 -

**OBJECTIONS TO COUNTERCLAIMANTS' LATE FILED ARGUMENTS**

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document:

**OBJECTIONS TO AND MOTION TO STRIKE COUNTER-CLAIMANTS' LATE FILED ARGUMENTS STYLED AS A SECOND AMENDED PROPOSED ORDER**

was filed with the Court's ECF system, which, in turn, served a true and accurate copy on the following listed counsel as follows:

☒ **Electronically Served through ECF:**

| | |
|---|---|
| Maxwell Michael Blecher | mblecher@blechercollins.com |
| Donald Ross Pepperman | dpepperman@blecher.com |
| Patrick M. Ryan | pryan@winston.com |
| Dan Keith Webb | dwebb@winston.com |
| Joseph J. Bial | joseph.bial@cwt.com |

☒ **Conventionally Served through U.S. Mail Delivery:**

Charles F. Rule, Esq.
Cadwalader, Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, D.C. 20001

DATED: June 3, 2010        /s/ *Michael S. Kim*
                           JAMES C. POTEPAN
                           THOMAS M. O'LEARY
                           MICHAEL S. KIM
                           BRIAN C. VANDERHOOF
                           ROPERS, MAJESKI, KOHN & BENTLEY
                           515 South Flower Street, Suite 1100
                           Los Angeles, California 90071
                           Phone: (213) 312-2000 / Fax: (213) 312-2001

RC1/5595341.1/JMJ