\*\* E-filed June 21, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC., a California corporation,<br><br>    Defendant.<br><br>─────────────────────────────<br><br>AND RELATED COUNTERCLAIMS<br>─────────────────────────────/ | No. C08-05391 JW (HRL)<br><br>**ORDER DENYING CISCO'S MOTION FOR FRCP 37 SANCTIONS**<br><br>[Re: Docket No. 155] |

Multiven, Inc. ("Multiven"), a provider of service and maintenance support for router and networking systems, sued defendant Cisco Systems, Inc., a leading provider of Internet Protocol-based networking technologies, alleging violations of the Sherman Antitrust Act as well as related state claims. Cisco Systems, Inc., along with related-entity Cisco Technology, Inc. (collectively, "Cisco"), then counterclaimed against Multiven as well as Pingsta, Inc. ("Pingsta") and Peter Alfred-Adekeye ("Adekeye"), a former Cisco employee and current Chief Executive Officer of Multiven and Pingsta (collectively, "Counterdefendants"). Cisco's counterclaims allege copyright infringement, violation of the Computer Fraud and Abuse Act, false advertising in violation of the Lanham Act, plus similar state claims.

On January 26, 2010, Cisco served on counsel for Multiven-as-Plaintiff ("Plaintiff Multiven") as well as counsel for Multiven-as-Counterdefendant ("Counterdefendant Multiven") and Pingsta deposition notices and deposition subpoenas for Multiven's custodian of records and Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deponent.[1] (Mot. at 7.) The depositions were to take place in San Francisco, California. About two weeks later, Counsel for Plaintiff Multiven returned the papers on the grounds that it was not authorized to accept service of them, and Counterdefendants (and arguably Plaintiff Multiven) served objections to the deposition notices and subpoenas and filed a motion to quash and for a protective order. (*Id*. at 8)

The parties met-and-conferred on March 10. (Mot. at 9-10.) Multiven informed Cisco that only Adekeye or his wife Deka Yussuf could testify as Multiven's custodian of records or FRCP 30(b)(6) designee and that they could not appear for the noticed depositions because, as Cisco was already aware, their U.S. work visas had been revoked. (*Id*.; Opp'n at 2-3) Cisco nevertheless refused to take the depositions off the calendar. (Mot. at 9-10.)

Unsurprisingly, on March 15, Multiven's custodian of records did not appear for its noticed deposition. (*Id*.) Four days later, Cisco filed this motion for sanctions. (Docket No. 155.)

## LEGAL STANDARD

On motion, a court may order sanctions when a party or a party's officer, director, managing agent, or FRCP 30(b)(6) designee fails to attend a properly noticed deposition. FED. R. CIV. P. 37(d)(1)(A)(i). In such an instance, a court may choose from a variety of possible sanctions, including evidentiary limitations, requiring the payment of reasonable expenses caused by the failure to attend the deposition, or even dismissal of the action. *See* FED. R. CIV. P. 37(d)(3) & 37(b)(2)(A)(i) - (v).

When considering whether to impose sanctions under FRCP 37(b)(2)(A), the district court must weigh five factors before doing so: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

---

[1] (1) In total, Cisco served six deposition notices and deposition subpoenas for: (1) Multiven's custodian of records; (2) Multiven's Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deponent; (3) Adekeye; (4) Adekeye's wife, Deka Yussuf ("Yussuf"); (5) Pingsta's custodian of records; and (6) Pingsta's FRCP 30(b)(6) deponent.

2

1 of less drastic sanctions." *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (citations and
2 internal punctuation omitted); *see also Henry v. Gill Industries, Inc.,* 983 F.2d 943, 948 (9th Cir.
3 1993); *Tacori Enters. v. Beverlly Jewellery Co., Ltd.*, 253 F.R.D. 577, 584 (C.D. Cal. 2008). "The
4 first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts
5 against . . . a dismissal sanction. Thus the key factors are prejudice and the availability of lesser
6 sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990); *see also Henry v. Gill*
7 *Industries, Inc.*, 983 F.2d at 948.

8 Moreover, "[a] district court has the discretion to impose the extreme sanction of dismissal if
9 there has been 'flagrant, bad faith disregard of discovery duties.'" *Porter v. Martinez*, 941 F.2d at
10 733 (quoting *Wanderer v. Johnston*, 910 F.2d at 655-56 (citing *National Hockey League v. Metro.*
11 *Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976))). "[The Ninth Circuit] has
12 stated that 'disobedient conduct not shown to be outside the control of the litigant' is all that is
13 required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Industries, Inc.*, 983 F.2d at
14 948 (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).

15 DISCUSSION

16 Cisco argues that Plaintiff Multiven failed to serve objections to the deposition notices and
17 subpoenas or to join Counterdefendants' motion to quash and motion for a protective order. As
18 such, Plaintiff Multiven's failure to appear for deposition on March 15 was in "bad faith" and
19 justifies dismissal of its action or, alternatively, evidentiary sanctions. (Mot. at 14-17.) Plaintiff
20 Multiven responds that Cisco's claim that it never objected to the deposition notice and subpoena
21 and never joined the motion to quash and for a protective order is nonsensical. It states that "to
22 avoid duplication and inconsistency," only one set of objections was served as to each of the six
23 depositions. (Opp'n at 2.) Moreover, no distinction was made between Plaintiff Multiven and
24 Counterdefendant Multiven in the objections and motion to quash and for a protective order because
25 they are the same company. (*Id.*)

26 While Cisco may have had a minor grievance at the time its motion was filed, the Court
27 resolved the scheduling of all of Multiven's depositions the very next week. (Docket No. 168.)
28 Ignoring whether the name "Plaintiff Multiven" appeared on the objections to the deposition notices

1  and subpoenas or on the motion to quash, the Court ordered that the six depositions (including the
2  deposition of Multiven's custodian of records) take place in Canada. The Court did not distinguish
3  between "Plaintiff Multiven" and "Counterdefendant Multiven."

4  Of course, Cisco argues that sanctions are appropriate whether or not the depositions took
5  place in Canada because Plaintiff Multiven failed to show up for the March 15 deposition before the
6  Court ruled on the motion to quash and for a protective order. This Court, however, is not
7  persuaded that Plaintiff Multiven acted in bad faith so as to justify dismissal of this action or that
8  application of the five factors listed above support evidentiary sanctions.

9  For one, Adekeye and Yussuf were not able to legally enter the U.S. — a circumstance that
10 was outside of their control. And since this was outside of their control, this Court cannot find that
11 Plaintiff Multiven's failure to attend the deposition was done in bad faith so as to warrant a sanction
12 of dismissal pursuant to FRCP 37. *See Henry v. Gill Industries, Inc.*, 983 F.2d at 948.

13 In addition, Cisco's claim of prejudice is weak. The Ninth Circuit has noted that "[a]
14 defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or
15 threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913
16 F.2d 1406, 1412 (9th Cir. 1990). This case is not so extreme. As it acknowledges in its motion,
17 Cisco knew as early as December 2009 / January 2010 that Adekeye and Yussuf were not able to
18 enter the U.S., and it certainly knew on March 10 that no one was going to appear on March 15.
19 The Court sees no reason at this point to impose such serious evidentiary sanctions when it does not
20 find that Plaintiff Multiven acted in bad faith or that Cisco was prejudiced.

21 Cisco also cites several cases in which dismissal or evidentiary sanctions were used, but
22 these cases generally involved much more willful disregard for, and noncompliance with, court
23 orders than here. *See Henry v. Gill Industries, Inc.*, 983 F.2d 943 (9th Cir. 1993); *Gibson v. City of
24 Kirkland*, No. C08-0937-JCC, 2009 WL 666885, at *2 (W.D. Wash. Mar. 11, 2009); *Bell-Coker v.
25 City of Lansing*, No. 1:07-cv-812, 2009 WL 166556, at *5 (W.D. Mich. Jan. 21, 2009); *Tacori
26 Enters. v. Beverlly Jewellery Co., Ltd.*, 253 F.R.D. 577, 584 (C.D. Cal. 2008). This is not an
27 instance as in *Henry* where a party was left high-and-dry because the deponent refused to show up
28 for his or her deposition at the last minute. Nor is this an instance like in *Bell-Coker* or *Beverlly*

*Jewellery* where the plaintiffs blatantly disobeyed a court order or failed to appear at a deposition with no explanation. Rather, in this case Cisco was aware prior to the depositions that Adekeye and Yussuf were the only persons who could testify on behalf of Multiven and were not able to enter the country to do so.

Accordingly, the Court DENIES Cisco's motion for sanctions pursuant to FRCP 37.

**IT IS SO ORDERED.**

Dated: June 21, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C08-05391 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Brian Curtis Vanderhoof | bvanderhoof@rmkb.com, aarriola@rmkb.com, jcecchini@rmkb.com, kkakiuchi@rmkb.com |
| Dan Keith Webb | dwebb@winston.com |
| Donald Ross Pepperman | dpepperman@blechercollins.com, ljaramillo@blechercollins.com |
| James C. Potepan | jpotepan@ropers.com, aarriola@ropers.com, kkakiuchi@ropers.com, tpierson@ropers.com |
| Joseph J. Bial | joseph.bial@cwt.com |
| Maxwell Michael Blecher | mblecher@blechercollins.com |
| Michael Sungwoo Kim | mkim@rmkb.com, jcecchini@rmkb.com, kkakiuchi@rmkb.com |
| Patrick Martin Ryan | pryan@winston.com, DocketSF@winston.com, mthomasian@winston.com, ndelich@winston.com, tmontague@winston.com |
| Thomas Michael O'Leary | toleary@rmkb.com, aarriola@rmkb.com, jcecchini@rmkb.com, kkakiuchi@ropers.com |

**Notice will be sent by other means to:**

Charles F. Rule
Cadwalader Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC 20001

James Robert Noblin
Blecher & Collins, P.C.
515 South Figueroa Street
Suite 1750
Los Angeles, CA 90017-3334

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**