**\*\* E-filed June 22, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC., a California corporation,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | No. C08-05391 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CISCO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**[Re: Docket No. 196]** |

**BACKGROUND**

Multiven, Inc. ("Multiven"), a provider of service and maintenance support for router and networking systems, sued defendant Cisco Systems, Inc., a leading provider of Internet Protocol-based networking technologies, alleging violations of the Sherman Antitrust Act as well as related state claims. Cisco Systems, Inc., along with related-entity Cisco Technology, Inc. (collectively, "Cisco"), then counterclaimed against Multiven as well as Pingsta, Inc. ("Pingsta") and Peter Alfred-Adekeye ("Adekeye"), a former Cisco employee and current Chief Executive Officer of Multiven and Pingsta (collectively, "Counterdefendants"). Cisco's counterclaims allege copyright infringement, violation of the Computer Fraud and Abuse Act, false advertising in violation of the Lanham Act, plus similar state claims. Adekeye and his wife, Deka Yussuf ("Yussuf"), are officers

of both Multiven and Pingsta and are British citizens currently residing in Switzerland.  Their previous U.S. work visas were revoked by the U.S. Citizen and Immigration Service ("USCIS"), and they are currently appealing that decision.

Cisco served deposition notices and subpoenas in January 2010 for (1) Multiven's custodian of records; (2) Multiven's Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deponent; (3) Adekeye; (4) Yussuf; (5) Pingsta's custodian of records; and (6) Pingsta's FRCP 30(b)(6) deponent. These subpoenas requested substantially the same documents as those requested by Cisco's two earlier sets of Requests for Production of Documents served months before and for which documents had been, and are continuing to be, reviewed and produced to Cisco on a rolling basis in accordance with an apparent agreement to do so (although Cisco denies the existence of this agreement).  (Mot. at 6; Opp'n. at 2-3.)

In addition to the deposition notices and subpoenas, Cisco later served a set of Requests for Production of Documents on Adekeye.  (Mot. at 14.)  Request No. 1 seeks documents that contain information about or refer to Adekeye's now-revoked visa petition, including but not limited to documents related to the appeal of the revocation.  (Declaration of Patrick M. Ryan, Docket No. 197, Ex. M.)  Adekeye objected to this request and refused to produce any of these documents. (Mot. at 14-15.)

About two weeks after being served with them, counsel for Multiven-as-Plaintiff ("Plaintiff Multiven") returned the deposition notices and subpoenas on the ground that it was not authorized to accept service of them, while Counterdefendants (and arguably Plaintiff Multiven) served objections to the deposition notices and subpoenas and filed a motion to quash and for a protective order.  (*Id*. at 8; Docket No. 129.)  The Court's granted in part the motion to quash, and all six of these depositions were eventually scheduled to be held in Vancouver, Canada during May 18-21.  (Docket No. 168; Mot. at 5.)

In April, still far from receiving all of the documents requested and with the depositions about a month away, Cisco filed the instant motion to compel Plaintiff Multiven and Counterdefendants to produce the documents requested by the subpoenas and to compel Adekeye to produce the requested immigration documents in advance of the depositions.  (Docket No. 196.)  It

also filed a motion to shorten time, which this Court denied. (Docket No. 201.) In its order denying the motion to shorten time, the Court explained: "Multiven has represented that it is producing responsive documents. The court assumes that documents which it would find clearly relevant and important to the upcoming depositions will be produced before the deposition[s]. If documents which the court concludes should have been produced before the depositions are not produced until afterward, then Multiven runs the risk — upon a convincing showing by Cisco — the deponents may at Multiven's expense have to appear again for deposition." (*Id.*)

Needless to say, Plaintiff Multiven and Counterdefendants did not produce all of the documents requested by the subpoenas before the depositions began on May 18. Nor were the depositions completed, as Adekeye was arrested on May 20 pursuant to a warrant issued by this Court and based upon a criminal complaint. He is currently detained in Canada and awaits possible extradition to the United States.

**DISCUSSION**

A. Cisco's Motion to Compel the Production of Documents in Advance of Depositions

Since Plaintiff Multiven and Counterdefendants have not finished reviewing and producing documents to Cisco, Cisco did not get *all* of the documents it requested prior to the depositions in Canada.[1] But the Court realized this would be the case when it denied Cisco's motion to shorten the time to hear its motion to compel. At that time, Plaintiff Multiven and Counterdefendants represented that they were in the process of producing responsive documents, so the Court ordered any "clearly relevant and important" documents to be produced before the depositions. (Docket No. 201.) And it appears from the moving papers and the arguments of counsel at the motion hearing that Plaintiff Multiven and Counterdefendants made a good faith attempt to do so. Most importantly, though, the depositions in Canada have already taken place (and to the extent that they

---

[1] Cisco has made a slight showing that Plaintiff Multiven and Counterdefendants failed to produce *some* relevant documents. (Cisco's Letter Brief at 1-2.) But merely pointing out that there are likely to be responsive documents that have not been produced yet is not particularly compelling. The real question — which this Court made clear in its April 27 Order — is whether there are clearly relevant documents which were important to the depositions but which were not produced. While Cisco has shown that some documents had not yet been produced, it has not made a "convincing showing" that any potentially missing documents so prejudiced it that further depositions should be held. This is particularly true as the depositions are not finished yet.

3

were not finished, they will be finished in due course). As such, Cisco's motion to compel the production of documents before the depositions is now moot.[2]

B. <u>The Production of Adekeye's Immigration Documents</u>

Adekeye has largely refused to produce requested documents relating to his immigration status. Cisco argues that these documents are relevant because they "may relate to important issues in this case such as whether Multiven is a sham business created to provide Mr. Adekeye with his work visa and as a tool to extort a payoff from Cisco." (Mot. at 2.) If so, Cisco contends, Plaintiff Multiven may not have standing to as a competitor to bring an antitrust claim against Cisco. (*Id*. at 15.)

Cisco's sneaking suspicion is based on the USCIS's revocation of Adekeye's and Yussuf's visas. During the depositions in Canada, Yussuf authenticated drafts of documents related to Adekeye's and Yussuf's appeal of the revocation of their visas. Cisco's argues that these documents support its contention that Plaintiff Multiven lacks standing to bring an antitrust claim. (*See* Declaration of Patrick M. Ryan, Docket No. 222, Ex. D-2 & D-3.)

Plaintiff Multiven and Counterdefendants argue that the immigration documents are not relevant and, even if they are, production of them would violate Adekeye's privacy rights. (Opp'n at 10-12.) They state that federal courts have held that where the disclosure of the requested information may cause injury to a party, the party seeking discovery must demonstrate that its need for the information outweighs the injuries that may be caused by the disclosure. (*Id*. at 10-11 (citing *Flores v. Albertson, Inc.*, 2002 U.S. Dist. LEXIS 6171 (C.D. Cal. Apr. 9, 2002).) They argue that Cisco has not made such a demonstration and that Cisco should look for "sham corporation" information in the documents produced by Multiven and Pingsta. (*Id*. at 11.)

This Court is persuaded that Adekeye should produce at least some of these documents. Indeed, during the depositions counsel for Counterdefendants already apparently agreed to produce immigration documents related the "denial of [Mr. Adekeye's] visa." (Declaration of Patrick M. Ryan, Docket No. 222, Ex. I at 66:14-19.) Further, upon review, the Court agrees that the few documents that were produced and used during the depositions arguably could support Cisco's

---

[2] However, the Court would possibly consider revisiting the adequacy of the production by Plaintiff Multiven and Counterdefendants at a later date.

4

potential lack of standing defense. As such, documents that relate or refer to the revocation of Adekeye's visa or any appeal of such revocation are relevant to Cisco's potential defense. *See* FRCP 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). The Court also believes that Cisco's need for the information outweighs any potential injury to Adekeye as he has failed to articulate how he would be injured by disclosure. Without more, simply asserting a privacy right does not outweigh a party's legitimate right to discover relevant facts concerning its defenses. *See Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) (noting that, "by its very nature, litigation has a tendency to make public the sort of information that individuals otherwise would prefer to keep private").

## CONCLUSION

Based on the foregoing, Cisco's motion to compel is GRANTED as to Adekeye's immigration documents and DENIED as to the production of the documents requested by its subpoenas prior to the depositions. Adekeye shall produce to Cisco **within 14 days of this Order** all documents that relate or refer to the revocation of his visa or any appeal of such revocation.

**IT IS SO ORDERED.**

Dated: June 22, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C08-05391 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Brian Curtis Vanderhoof | bvanderhoof@rmkb.com, aarriola@rmkb.com, jcecchini@rmkb.com, kkakiuchi@rmkb.com |
| Dan Keith Webb | dwebb@winston.com |
| Donald Ross Pepperman | dpepperman@blechercollins.com, ljaramillo@blechercollins.com |
| James C. Potepan | jpotepan@ropers.com, aarriola@ropers.com, kkakiuchi@ropers.com, tpierson@ropers.com |
| Joseph J. Bial | joseph.bial@cwt.com |
| Maxwell Michael Blecher | mblecher@blechercollins.com |
| Michael Sungwoo Kim | mkim@rmkb.com, jcecchini@rmkb.com, kkakiuchi@rmkb.com |
| Patrick Martin Ryan | pryan@winston.com, DocketSF@winston.com, mthomasian@winston.com, ndelich@winston.com, tmontague@winston.com |
| Thomas Michael O'Leary | toleary@rmkb.com, aarriola@rmkb.com, jcecchini@rmkb.com, kkakiuchi@ropers.com |

**Notice will be sent by other means to:**

Charles F. Rule
Cadwalader Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC 20001

James Robert Noblin
Blecher & Collins, P.C.
515 South Figueroa Street
Suite 1750
Los Angeles, CA 90017-3334

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**