**\*\* E-filed June 22, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTIVEN, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC., a California corporation,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | No. C08-05391 JW (HRL)<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S AND COUNTERDEFENDANTS' PRODUCTION OF DOCUMENTS** |

**BACKGROUND**

Multiven, Inc. ("Multiven"), a provider of service and maintenance support for router and networking systems, sued defendant Cisco Systems, Inc., a leading provider of Internet Protocol-based networking technologies, alleging violations of the Sherman Antitrust Act as well as related state claims. Cisco Systems, Inc., along with related-entity Cisco Technology, Inc. (collectively, "Cisco"), then counterclaimed against Multiven as well as Pingsta, Inc. ("Pingsta") and Peter Alfred-Adekeye ("Adekeye"), a former Cisco employee and current Chief Executive Officer of Multiven and Pingsta (collectively, "Counterdefendants"). Cisco's counterclaims allege copyright infringement, violation of the Computer Fraud and Abuse Act, false advertising in violation of the Lanham Act, plus similar state claims.

Last year, Cisco served two sets of Requests for the Production of Documents on Multiven-as-Plaintiff ("Plaintiff Multiven") and Counterdefendants. (Docket No. 196 at 6.) Since that time and with no end in sight, the producing parties have been reviewing and producing documents to Cisco on a rolling basis in accordance with an apparent agreement to do so (although Cisco denies the existence of this agreement). (Docket No. 203 at 2-3.)

With discovery in full swing, Cisco served deposition notices and subpoenas in January 2010 for (1) Multiven's custodian of records; (2) Multiven's Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deponent; (3) Adekeye; (4) Adekeye's wife Deka Yussuf ("Yussuf"); (5) Pingsta's custodian of records; and (6) Pingsta's FRCP 30(b)(6) deponent. (*Id*. at 3.) These subpoenas requested substantially the same documents as those requested by Cisco's two earlier sets of Requests for Production of Documents served months before. (*Id*.) As depositions approached, Cisco filed a motion to compel the production of these documents (Docket No. 196), which this Court granted in part and denied in part. (Docket No. 240.)

Nevertheless, Plaintiff Multiven and Counterdefendants are nowhere near finished with their review and production of documents responsive to Cisco's requests. And with the September 27 discovery deadline looming, something must be done.

## DISCUSSION

A. <u>The Timing of Production and Retention of a Third Party Vendor</u>

Despite their efforts, it has become clear to this Court that Plaintiff Multiven and Counterdefendants cannot complete their review and production of documents with enough time before the close of discovery to allow Cisco time to actually do anything with them. Plaintiff Multiven and Counterdefendants so far have insisted on a review process that guarantees that they will not finish this extensive project in any reasonable amount of time. Early on, Plaintiff Multiven and Counterdefendants rejected the idea of using an outside vendor to help search and narrow their electronically-stored information on account of the cost. So up to now Plaintiff Multiven and Counterdefendants have not used search terms to narrow the amount of data to be reviewed. Instead, they have been using approximately five attorneys to review every bit of that giant mass of information for responsive documents. Knowingly this, it is no surprise that counsel for

Counterdefendants stated that it would take, <u>at a minimum</u>, two or three more months to finish the document review. This is far too long and a new method for this review and production is needed.

To that end, and regardless of Plaintiff Multiven's and Counterdefendants' earlier misgivings, Cisco requests an order directing the parties to retain a third party vendor to assist with the further collection, search, review, and production of documents. Cisco has even offered to pay for half of the cost of doing so, and Plaintiff Multiven and Counterdefendants are amenable to this option.[1] (Docket No. 207 at 10; Docket No. 224 at 4.) Given the parties' desire and willingness to retain a third party vendor to expedite this prolonged process, this Court will not stand in their way. Because something must be done, this Court recommends that the District Court order the parties to promptly retain a third party vendor to assist with this increasingly perilous situation.

B. <u>The Appointment of a Special Master</u>

In addition to the sluggishness of Plaintiff Multiven's and Counterdefendants' review and production of documents, this Court is pessimistic about the parties' ability to resolve further discovery issues without some sort of judicial intervention. Indeed, the parties have already resorted to this Court to resolve a number of discovery disputes. And the moving papers related to Cisco's recent motion to compel (Docket No. 196) indicate that there are several more problems on the horizon.

First, Cisco contends that Plaintiff Multiven's and Counterdefendants' document collection protocol is flawed. (Docket No. 221 at 2.) Cisco states, for example, that Yussuf owns a MacBook computer which arguably could contain relevant documents, but counsel for Plaintiff Multiven and Counterdefendants have not forensically imaged this computer's hard drive. (*Id.*) Cisco also claims that other email addresses mentioned by Adekeye in his depositions have not been searched by Plaintiff Multiven and Counterdefendants. (*Id.*) While counsel for Plaintiff Multiven and Counterdefendants have said that these sources would be searched in due course if necessary, Cisco has not found this response encouraging.

---

[1] Although ordinarily the Court might suggest that Plaintiff Multiven and Counterdefendants pay for a court-ordered third party vendor since it is they who are slow in producing documents, Cisco has offered to cover half of the cost. The Court has no problem with this arrangement, though.

3

Second, even with the retention of a third party vendor, the parties have indicated that there may be difficulties related to how best to narrow the scope of the document review. The parties specifically identified problems surrounding the numerous document requests, the selection of appropriate search terms, and the de-duplication of documents.

Third, the parties disagree about the scope and production of privilege logs. Neither side has produced one so far (although Cisco states that it plans to do so by June 30), and Plaintiff Multiven and Counterdefendants do not believe that it is necessary to log every communication with outside counsel as they say Cisco requested. (Docket No. 221 at 3-4; Docket No. 224 at 4.)

In light of the past failures of the parties to resolve discovery issues amicably and given that the final months of discovery are here and are likely to include further disagreement, this Court suggested that it might be appropriate for a Special Master to be appointed to resolve further discovery disputes. The parties agreed, consented to a Special Master, and expressed a desire to use Special Master George C. Fisher, previously appointed by the District Court in this case. The Court believes this to be the most effective course of action and, accordingly, recommends that the District Court expand Special Master Fisher's duties to include full authority to choose a third party vendor (if the parties cannot agree on one), craft a search protocol, establish deadlines, and otherwise resolve any future discovery disputes or objections in this case pursuant to FRCP 53.

**RECOMMENDATION**

For the foregoing reasons, this Court recommends as follows:

1. Per the parties' agreement, that the District Court order the parties to retain a third party vendor to assist with the further collection, search, review, and production of documents and that Cisco pay for half of the cost and Plaintiff Multiven and Counterdefendants pay for the other half; and

2. That the District Court expand Special Master Fisher's duties to include full authority to choose a third party vendor (if the parties cannot agree on one), craft a search protocol, establish deadlines, and otherwise resolve any future discovery disputes or objections in this case pursuant to FRCP 53.

4

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: June 22, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

**C08-05391 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Brian Curtis Vanderhoof | bvanderhoof@rmkb.com, aarriola@rmkb.com, jcecchini@rmkb.com, kkakiuchi@rmkb.com |
| Dan Keith Webb | dwebb@winston.com |
| Donald Ross Pepperman | dpepperman@blechercollins.com, ljaramillo@blechercollins.com |
| James C. Potepan | jpotepan@ropers.com, aarriola@ropers.com, kkakiuchi@ropers.com, tpierson@ropers.com |
| Joseph J. Bial | joseph.bial@cwt.com |
| Maxwell Michael Blecher | mblecher@blechercollins.com |
| Michael Sungwoo Kim | mkim@rmkb.com, jcecchini@rmkb.com, kkakiuchi@rmkb.com |
| Patrick Martin Ryan | pryan@winston.com, DocketSF@winston.com, mthomasian@winston.com, ndelich@winston.com, tmontague@winston.com |
| Thomas Michael O'Leary | toleary@rmkb.com, aarriola@rmkb.com, jcecchini@rmkb.com, kkakiuchi@ropers.com |

**Notice will be sent by other means to:**

Charles F. Rule
Cadwalader Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC 20001

James Robert Noblin
Blecher & Collins, P.C.
515 South Figueroa Street
Suite 1750
Los Angeles, CA 90017-3334

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**